## Romig v. West Milton State Bank

*James McClure*, for plaintiff.
*Miller Alanson Johnson*, for defendant.

LESHER, P. J., March 5, 1936.—Ella Amanda Printzenhoff died on April 27, 1935, testate. At the time of her death, she was a resident of East Buffalo Township, Union County, Pa.

Her last will and testament was duly probated in the office of the Register of Wills of Union County, Pennsylvania, and letters testamentary were granted to Wesley Tucker, the executor named therein. Daisy Denkel was named as residuary legatee.

At the time of Ella Amanda Printzenhoff's death, there was a deposit in a savings account in the West

Milton State Bank, of West Milton, Pa., standing in the name of Ella Amanda Printzenhoff, or Mrs. Ellen Romig.

This savings account was opened in this manner on February 10, 1932, and deposits were added thereto from time to time, along with accumulated interest which was credited to the account, which said deposits and accumulations of interest which had been credited to said account, on July 1, 1935, amounted to $3,288.48. The said savings account bore the number 1657, and a pass-book was issued in the name of Ella Amanda Printzenhoff or Mrs. Ellen Romig.

After the death of Ella Amanda Printzenhoff, Mrs. Ellen Romig appeared at the West Milton State Bank with the pass-book and demanded that the said fund, as evidenced by the said pass-book, be turned over to her, which, I understand from the pleadings in this case, the bank refused to do.

Wesley Tucker, executor of the last will and testament of the said Ella Amanda Printzenhoff, deceased, likewise demanded that the said moneys be paid to him as executor of the said estate, and, on May 8, 1935, Daisy Denkel, residuary legatee of the estate of the said Ella Amanda Printzenhoff, deceased, and Wesley Tucker, executor of the estate of the said Ella Amanda Printzenhoff, deceased, served written notice upon B. C. Specht, cashier of the West Milton State Bank, to the effect that they claimed the said savings account no. 1657, as a part of the estate of the said Ella Amanda Printzenhoff, and notified him not to pay the money to any other person. This notice was served upon the bank by William L. Showers, their attorney.

The West Milton State Bank having refused to turn the said money over to Mrs. Ellen Romig, she, on November 9, 1935, started an action of assumpsit against the West Milton State Bank for the recovery of the said money. A statement of claim was filed, but no affidavit of defense has been filed by the defendant, the West Milton State Bank.

On November 21, 1935, the West Milton State Bank presented a petition and secured a rule thereon to show cause why Mrs. Ellen Romig, Daisy Denkel, residuary legatee as aforesaid, and Wesley Tucker, executor as aforesaid, should not interplead as to the subject matter of this action, and why the West Milton State Bank should not have leave to pay the said moneys in controversy into court.

An answer to the rule was filed by Mrs. Ellen Romig, denying the right of the petitioner, the West Milton State Bank.

Counsel for the respondent in said rule relies upon the Banking Code of May 15, 1933, P. L. 624, sec. 903(b), which provides:

"Whenever a deposit shall be made in an institution in the names of two or more persons, and such deposit shall have been made under an arrangement with the institution whereby such deposit, and any interest thereon, may be paid upon the check, order, or receipt of either or any of such persons, the institution may pay such deposit, any part thereof, or any interest thereon, upon such check, order, or receipt of either or any of such persons, pursuant to the arrangement provided for in this section, notwithstanding the fact that one or more of the other persons may be dead and the institution has notice thereof."

We feel that the facts in this case do not comply with the requirements of this section of the act of assembly.

There is, in fact, no allegation that any arrangement whatsoever had been made with the bank as to the payment of this money by check or otherwise, whether it was to be paid upon the joint check of the two parties, or whether or not upon the single check of one of the parties.

We feel that, although the account is in the name of Ella Amanda Printzenhoff or Mrs. Ellen Romig, which might indicate on its face that either party could check

against the account, other arrangements may have been made. If any other arrangements were made, or what arrangements have been made, are not set forth in the pleadings in this case, or otherwise.

We feel that the Banking Code, supra, sec. 903(a), controls this deposit. This provides:

"Whenever a deposit shall be made in an institution in the names of two or more persons, the institution shall not pay out such deposit, any part thereof, or interest thereon, except upon the proper check, order, or receipt, as the case may be, of both or all of such persons, unless at the time of making the deposit a different arrangement shall have been specifically provided for, or unless at a subsequent time all the parties agree to a different arrangement."

And, as we have said before, there is no allegation of any arrangement as to how this money was to be paid out.

Counsel for the respondent further contends that a notice in writing or otherwise, against the payment of an adverse claim to a deposit, is ineffectual, without an attachment or a proper restraining order against the institution from a court of competent jurisdiction in a cause of action therein instituted by claimant, or in any corporation to whom the credit and deposit stands, or by his executor or administrator, as provided by section 905 of the said Banking Code of 1933, supra.

We feel, also, that this act of assembly is not applicable to the present case. If Ella Amanda Printzenhoff were living and a notice of an adverse claim against her account was given, it would not be effectual to cause the West Milton State Bank to recognize such adverse claim unless a restraining order had been procured in accordance with the above-cited act of assembly. In this case, however, Ella Amanda Printzenhoff is dead, and we have two parties claiming the fund, viz: Mrs. Ellen Romig and the representatives of the estate of Ella Amanda Printzenhoff.

In the case of Slaymaker v. Snyder County State Bank, 308 Pa. 271, the decedent, Samuel Slaymaker, at the time of his death, had placed in the hands of the Snyder County State Bank certificates of deposit amounting to the sum of $20,000, which he had endorsed and left in the hands of the said bank, with instructions that he desired the certificates to be placed in such shape that a check for that amount would be honored at the time of his death. The endorsed certificates of deposit remained in the hands of the bank. After Mr. Slaymaker's death, an envelope was found in the safe deposit box with a check in the sum of $20,000, drawn to the order of E. B. Bair (Birdelia Bair). The check had not been delivered to Birdelia Bair, and he had not told the bank this was the check he had in mind that was to be honored. The administrators c. t. a. of the estate of Samuel Slaymaker brought suit against the bank for the recovery of the amount of the certificates of deposit. The bank defended on the ground that the money did not belong to the Slaymaker estate, but belonged to Birdelia Bair, personally, to whom the check had been drawn.

The jury found in favor of the Slaymaker estate. An appeal was taken to the Supreme Court. Birdelia Bair had not been a party to the action. The Snyder County State Bank did not ask for an interpleader.

Justice Kephart, on page 273, said:

"The position of the defense was that it was practically a stakeholder. It did not do as it should have done, ask for an interpleader, but attempted to defend Miss Bair's rights in the litigation to which she was not a party. The court below gave judgment against the bank, and if the judgment is permitted to stand, the bank would undoubtedly be liable to another action and possibly a recovery on the part of Miss Bair."

We feel that the facts in this case are on a parity with the Slaymaker case. The West Milton State Bank is the

stakeholder. It is perfectly willing to pay out the fund in question, but is desirous of paying it to the proper person.

The executor of the estate of Ella Amanda Printzenhoff is not a party to this suit. They have served notice on the bank that they claim the fund, and they have a legal right to start legal proceedings against the bank for the collection of the same, and are threatening suit. We feel that this is a proper case for an interpleader, and that the rule should be made absolute.

### Order

And now, March 5, 1936, the rule for interpleader is made absolute, and the West Milton State Bank is directed to pay the money claimed into court pending the termination of this lawsuit, and upon the said payment, no further proceeding is to be had against it, the West Milton State Bank, and it is discharged from liability to Mrs. Ellen Romig, Daisy Denkel, or the estate of Ella Amanda Printzenhoff, deceased, touching the money so claimed in this case.

And it is further ordered and decreed that Daisy Denkel and Wesley Tucker, executor of the estate of Ella Amanda Printzenhoff, deceased, be made parties to this suit, and that the said Daisy Denkel and Wesley Tucker, executor of the estate of Ella Amanda Printzenhoff, deceased, interpleaded as to the subject matter of this action.

And it is further ordered that a framed issue be filed, in which Mrs. Ellen Romig shall be the plaintiff, and Daisy Denkel and Wesley Tucker, executor of the estate of Ella Amanda Printzenhoff, deceased, shall be defendants, to determine the right of property in said fund, and the court reserves the question of all further orders.

An exception is allowed Mrs. Ellen Romig, and a bill is sealed.