## Grant *v.* Faires, Executor, Appellant.

*Beneficial associations—Death benefit certificates—Beneficiaries —Change—Failure to observe by-laws—Effect—Stakeholder.*

1. The holder of a policy in a beneficial association who desires to change the beneficiary can do so only in accordance with the by-laws.

2. A beneficial association which is liable upon a death benefit certificate cannot and does not waive the vested right of the party entitled to the fund by paying the same to a stakeholder pending a judicial determination as to who is entitled thereto; in such case the fund takes the place of the society's liability and the rights of the claimants are unchanged.

3. The beneficiary designated in a death benefit certificate died and upon the death of the holder of the certificate there was found endorsed upon a letter relating to the fund, "I desire that in event of my death that this money be paid to Pattie Faires Grant," signed with the name of decedent. It appeared that such nominee was not such a person as under the by-laws of the association was capable of being a beneficiary and further that the beneficiary had not been changed in accordance with the by-laws of the association. *Held,* the next of kin of decedent were, under the Act of May 24, 1893, P. L. 126, entitled to the fund.

4. In such case the payment of the fund to the executor under an agreement that the same should be held until its ownership could legally be determined did not change in any way the rights of the next of kin therein.

Argued Jan. 12, 1916. Appeal, No. 311, Jan. T., 1915, by defendants, from judgment of C. P. No. 5, Philadelphia Co., June T., 1915, No. 1732, for plaintiff, on case stated in case of Pattie Faires Grant v. James D. Faires, Executor of the Estate of William J. Faires, deceased; Elizabeth M. Faires, Guardian of John W. Faires, a minor; James D. Faires, William K. Haupt and the

United Security Life Insurance and Trust Company of Pennsylvania, individually and as Executors of the Estate of Benjamin McKinley Faires.    Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.    Reversed.

Case stated to determine title to a fund accruing upon a death benefit certificate.    Before STAAKE, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for the plaintiff on the case stated.    James D. Faires, Executor of the Estate of William J. Faires, deceased, and Elizabeth M. Faires, Guardian of John W. Faires, a minor, appealed.

*Error assigned* was the judgment of the court.

*Edward Hopkinson, Jr.,* with him *Dickson, Beitler & McCouch,* for appellants.—The fact that the money was paid into court was not a waiver of the provisions of the by-laws relating to change of beneficiary: Harton's Est. (No. 1), 213 Pa. 499; Folmer's App., 87 Pa. 133; Vollman's App., 92 Pa. 50; Hamilton v. Royal Arcanum, 189 Pa. 273; Fodell v. Miller, 193 Pa. 570; Stock v. Stock, 18 Pa. Superior Ct. 421; Menovsky v. Menovsky, 19 Pa. Superior Ct. 427; Hunter v. Firemen's Relief & Benevolent Assn., 20 Pa. Superior Ct. 605; Baltimore & Ohio R. R. Co. v. Veltri, 37 Pa. Superior Ct. 399.

*George W. Harkins, Jr.,* with him *Herbert Simons,* for appellee.—The case is governed by Penna. R. R. Co. v. Wolf, 203 Pa. 269.

The payment of the fund into court was a waiver of the right of the insured to change the beneficiary: Kings v. Supreme Council, 216 Pa. 553; White v. Turner, 217 Pa. 25; Supreme Lodge, Order of Golden Chain, v. Terrell, 99 Fed. Repr. 330; Taylor v. Hair, 112 Fed. Repr. 913; Titsworth v. Titsworth, 20 Pac. Repr. 213; Harrison's

Est., 196 Pa. 576; Megary's Est., 206 Pa. 260; Diehl's Est., 11 Pa. Superior Ct. 293.

OPINION BY MR. JUSTICE WALLING, April 17, 1916:

This is an amicable action on agreed facts to determine the ownership of the proceeds of a beneficiary certificate in a fraternal society.

Benjamin M. Faires, late of Philadelphia, died February 2, 1914, testate, unmarried and without issue, and left surviving, as his next of kin and heirs at law, a brother William J. Faires, now deceased, and a nephew, John W. Faires, the son of a deceased brother.

Said Benjamin M. Faires at and before his death was a member of Appolo Senate No. 6, of the Order of Sparta; and held a certificate therein in which his brother, Theodore W. Faires, who died in April, 1911, was named as beneficiary. Thereafter said member made an ineffectual effort to have the policy placed in his own name; and, after some correspondence with the recording secretary, filled up the blank form on the certificate for change of beneficiary as follows:

"I, Benjamin M. Faires, to whom the within certificate was issued, hereby revoke my previous directions as to the payment of the beneficiary fund due at my death, and direct and authorize such payment to be made to Pattie Faires Grant, bearing relationship to me of cousin.

"Witness my hand and seal this sixth day of November, 1911.                    BENJAMIN M. FAIRES. (Seal.),"

and forwarded same to the recording secretary, by whom it was returned to Mr. Faires three days later, with the fee for transfer, and with request that he make an affidavit stating inter alia that he was unmarried and that said Pattie Faires Grant was a dependent. Which was never done nor the certificate returned again to the recording secretary; but it was retained by Mr. Faires and through his name at the beginning and end of such direction for transfer and also through the name of "Pattie Faires Grant," and the word "cousin," ink lines

were drawn; and in that condition it was found among his papers and came to the possession of his executors. She was not his cousin but the granddaughter of a sister of his grandmother, and had resided before marriage in the home of his parents; and she and her mother made their home with him for some time before his death; and on several occasions when he was ill she had nursed him, although he had ample means.

Mr. Faires accepted such certificate expressly subject to the rules, regulations, etc., of the order, one of which provides that:

"If there are no minor children, he may name other children, his father, mother, brothers, or sisters, grandchildren, betrothed, or blood nephews or nieces, or any person or persons dependent upon him or upon whom he would be dependent in case of his extreme illness or distress. Where there is the relation of dependency it must be set forth fully by affidavit."

Another rule thereof is, in effect, that no change of beneficiary shall be valid until the old certificate has been cancelled and a new one issued and transfer approved and recorded in the books of the great senate, which was not done in this case; and the order never approved the attempted transfer nor recognized Mrs. Grant as a beneficiary.

He made no further effort to have her named as such, but on inquiry received a letter from the recording secretary informing him that said beneficiary fund would not be payable to the estate of his deceased brother. Endorsed in pencil over the last above mentioned letter is the following:

"I desire in event of my death that this money be paid to Pattie Faires Grant.          B. M. FAIRES."

"Jan. 5, 1912."

So far as appears she was not dependent upon him nor he upon her.

The Order of Sparta is a society carried on for the sole benefit of its members and their beneficiaries and

not for profit; and, in the event of the death of the beneficiary prior to that of the member, its regulations make no provision as to the distribution of the fund.

James D. Faires, executor of William J. Faires and Elizabeth Faires, guardian of John W. Faires, represent the next of kin of said Benjamin M. Faires, deceased, and as such, under the intestate laws, would share equally in his personal estate.

In June, 1914, an agreement was made between the executors of said Benjamin M. Faires, his next of kin, and Martha Faires Grant, above referred to as Pattie Faires Grant; in which Mr. Faires' membership in said order was recited, also its willingness to pay his next of kin the amount of the beneficiary certificate but for the claim of Mrs. Grant thereto; and agreeing that such amount be collected from the order by the next of kin and turned over to the executors to be by them held until the legal determination of its ownership, which was done. The concluding paragraph of the case stated, is:

"And if, upon the above stated facts and the law, the court should be of opinion that Pattie Faires Grant is entitled to the said fund of $2,500, then judgment to be entered in favor of the plaintiff, otherwise judgment to be entered in favor of the defendants with the right to either party of exception and appeal."

However, the order was not named as a party to said agreement.

The claim of the next of kin of said member is based upon the Act of May 24, 1893, P. L. 126, which provides, in effect, that where the beneficiary dies before the member and there is no new designation, and no provision for such case is made by the laws of the society, the fund shall be payable to the member's widow and children, and if none, then to his other relatives as personal estate according to the laws of his domicile. Mrs. Grant's claim is based on the facts as above outlined, and to her the court below awarded the fund, on the ground that as the order had paid over the same its rules, etc., had

no bearing on the question at issue, and that the above quoted words, written by Mr. Faires on the letter, constitute a testamentary desigation, which should be enforced. With which we are unable to agree. Manifestly she was never designated as a beneficiary, for not one of the rules of the order relating thereto was complied with. Her relationship to Mr. Faires was not such as to render her eligible for designation on that ground, and the required affidavit as to dependency was never made, nor any action taken by the order in recognition of her rights as such. The fact that after the certificate was returned to Mr. Faires he took no further steps in the matter, together with the fact of the ink lines having been drawn through the names, etc., on the said direction for such designation as above stated, seem to indicate an abandonment by him of the attempt to have Mrs. Grant recognized by the order as his beneficiary; while the above quoted writing on the letter indicates his desire that she should have the fund in question. But the fund was not his nor subject to his disposal, testamentary or otherwise, except as to his right of designation of beneficiary pursuant to the rules of the order. And the beneficiary named in his certificate having died in his lifetime, and no other designation having been made, the fund, under the said Act of May 24, 1893, P. L. 126, is payable to his next of kin, whose right thereto became vested at his death. And the contention, that their right therein is lost by turning the fund over to the executors to retain as stakeholders until the legal rights of the parties are adjudicated, is untenable. The payment to a stakeholder, or into court, of a fund for which there are rival claimants, to await the legal adjudication of their respective claims, does not constitute a waiver of the rights of either party.

On the death of a member his certificate ripens into a legal obligation against the society, which it can only discharge by payment to the right party. And if in such case the society admitting its liability on a mem-

bership certificate, for which there are rival claimants, by agreement pays the amount due thereon to a stakeholder, or into court, that the rights of the claimants may be adjudicated, the fund takes the place of the society's liability and the rights of the claimants are unchanged. Disposal thereof must still be made according to the rules of the society and the law of the State. To hold otherwise is to ignore the very object for which the fund is deposited, to wit, the ascertainment of its legal ownership; not the waiver of rights but their adjudication.

By turning over the fund the society admits its liability and waives any defense it may have to the payment of the claim by whomsoever demanded. But, where the rights of others have become vested by a member's death, the society cannot and does not waive such rights by paying the fund into court:

"As against the original beneficiary, the society cannot, by any act or omission occurring after the member's death, waive compliance with provisions governing the mode of changing beneficiaries, since immediately on the member's death the original beneficiary's rights became vested": 29 Cyc. 136e, note 76.

While the member is alive the society may waive a strict compliance with its by-laws, for then no rights have vested: Noble v. Police Beneficiary Association, 224 Pa. 298. And it has been held that where a member enters into a contract agreeing to designate a certain party as his beneficiary and such party is eligible for designation and pays the consideration named in the contract, to prevent flagrant injustice, equity will give effect to such agreement, by treating as done that which should have been done: Pennsylvania R. R. Co. v. Wolfe, 203 Pa. 269. And that an agreement not to change the beneficiary will under like circumstances be enforced: King v. Supreme Council, Catholic Mut. Benefit Assn., 216 Pa. 553. And that where the facts demand it an apparent beneficiary will be decreed a trustee for the

rightful owner: The Supreme Lodge, Knights & Ladies of Honor, v. Ulanowsky, 246 Pa. 591. But in the present case there was no contract to designate Mrs. Grant as beneficiary, and of course she paid no consideration in reliance thereon, nor was she so related to the member as to be eligible for such designation by reason thereof.

We cannot regard as accurate the obiter statement in Pennsylvania R. R. Co. v. Wolfe, supra, to the effect, that the deposit of the fund in court constitutes such a waiver on part of the society as to change the legal rights of claimants. For, in our opinion, a society which is legally liable to pay money to one of two parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has not waived any right. Under such circumstances to pay the fund into court or to a stakeholder is proper practice and thereby no rights are lost: Harton's Est. (No. 1), 213 Pa. 499; Elliott v. Lycoming County Mutual Ins. Co., 66 Pa. 22; Baltimore & Ohio R. R. Co. v. Veltri, 37 Pa. Superior Ct. 399; Haller v. Haller, 45 Pa. Superior Ct. 409.

A member cannot make a testamentary disposition of the fund to be derived from his beneficiary certificate: Vollman's App., 92 Pa. 50; Hunter v. Firemen's Relief & Benevolent Association, 20 Pa. Superior Ct. 605.

The assignment of error is sustained, the judgment is reversed and on the case stated judgment is now entered in favor of the defendants.