## Leis v. Essig et al.

*J. P. Fogarty,* for plaintiff; *R. W. Archbald, Jr.,* for defendants.

MARTIN, P. J., July 23, 1928.—On March 3, 1902, a certificate of membership in the Most Excellent Assembly of the Artisans Order of Mutual Protection was issued to John Essig, providing for the payment upon his death of $1000 to Louisa Essig, his wife, if he had fully complied with all the provisions of the charter and laws of the Order affecting his claim for benefits, whether of the Most Excellent Assembly or a subordinate assembly of which he was a member, in force at the time of his death. It was stated in the certificate that it was granted by the Order and accepted by John Essig upon the express condition that it should be subject to all the laws of the Order in force at the time of his death.

Louisa Essig, the beneficiary named in the certificate, died in the lifetime of John Essig, who, on March 31, 1920, endorsed upon the certificate:

"I, John Essig, to whom the within beneficiary certificate No. 11692 was issued, hereby return the same and now authorize and direct the payment of the benefits due at my death to be made to Thomas J. Leis, relationship to myself of brother-in-law, said change to take effect . . ."

This endorsement was signed by John Essig and William C. Kammerer, Recorder of Progressive Assembly No. 4, and the seal of Progressive Assembly No. 4 was stamped upon it.

A new certificate in the name of Thomas J. Leis as beneficiary was not issued.

On Feb. 25, 1924, John Essig died. No widow or children or issue of a deceased child, parents or grandparents survived him.

Claim was made for the proceeds of the certificate by the plaintiff, Thomas J. Leis, as substituted beneficiary, and by the defendants, a brother of the whole blood and brothers and sisters of the half-blood of John Essig.

A petition was filed by the Most Excellent Assembly of the Artisans Order of Mutual Protection for leave to pay the fund, less a counsel fee of $25, into court, and for an order on the claimants to interplead. The prayer of the petition was granted and $975 was paid into court. In the issue framed, Thomas J. Leis is plaintiff. The brother of the whole blood and brothers and sisters of the half-blood of John Essig are defendants.

To the statement of claim filed by plaintiff there is annexed a copy of the certificate of membership of John Essig, with the endorsements. The death of the wife, who was the original beneficiary, is averred, and that an order was signed by John Essig to substitute his brother-in-law, Thomas J. Leis.

It is averred that the Most Excellent Assembly No. 4 of the Artisans Order of Mutual Protection accepted the designation of the substituted beneficiary, as appears by the endorsement on the certificate. Plaintiff claims the money should be paid to him.

An affidavit of defense was filed on behalf of defendants, averring that the certificate provided that before his death John Essig must have fully complied with all the provisions of the charter and laws of the Order affecting his claim for death benefits, whether of the Most Excellent Assembly of the Artisans Order of Mutual Protection or the subordinate assembly of which he was a member, in force at the time of his death; and the certificate was granted by the Order and accepted by John Essig upon the express condition that it was subject to all laws of the Order in force at the time of his death; that Thomas J. Leis, the brother-in-law of John Essig, under the laws of the Most Excellent Assembly of the Artisans Order of Mutual Protection, could not be named as beneficiary; and it is denied that Progressive Assembly No. 4 of the Artisans Order of Mutual Protection accepted the designation of the substituted beneficiary by written endorsement on the certificate. The signatures of John Essig and William C. Kammerer, the Recorder of Progressive Assembly No. 4, are admitted to be genuine, and it is admitted that the recorder affixed the seal of the assembly; but it is averred the Superior Body of the Most Excellent Assembly of the Artisans Order of Mutual Protection refused to issue a certificate to Thomas J. Leis, or to recognize him as a beneficiary, because the laws of the Order prohibited the designation of a brother-in-law as beneficiary.

The defendants claim the fund as the only surviving brothers and sisters of John Essig.

Under new matter in the affidavit of defense, it is averred that Fabian Essig is a brother of the whole blood, and Franz George Essig, Adolf Essig,

Ottilie Rieger, Rosa Sprenger and Anton Essig are brothers and sisters of the half-blood of John Essig; and that John Essig left no widow, children, or issue of a deceased child, or parents or grandparents, but died leaving surviving him the defendants, who are all his brothers and sisters; that the Most Excellent Assembly of the Artisans Order of Mutual Protection is a fraternal beneficial society, duly incorporated under the laws of Pennsylvania, to pay, in case of the death of any member, to the proper beneficiaries of such deceased member such amount of money as shall be prescribed by its by-laws.

It is averred that Thomas J. Leis, a brother-in-law of John Essig, was not dependent upon John Essig; and that section 1 of the Act of April 6, 1893, P. L. 7, provides:

"That it shall be lawful for any corporation, society or voluntary association now or hereafter formed or organized and carried on for the sole benefit of its members and their beneficiaries and not for profit, to have and create subordinate lodges with ritualistic form of work and a representative form of government, and to issue certificates of membership, make provision for the payment of benefits in case of sickness, disability or death of its members, which payment of death benefits shall be to family, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member.

"Such corporation, society or voluntary association . . . shall be and is hereby declared to be a fraternal beneficial society and shall be governed by this act."

It is further averred that the laws of the Artisans Order of Mutual Protection in force at the time of the death of Louisa Essig and at the time of the death of John Essig provided:

"(56) Sect. 2. Each applicant shall enter upon his application for beneficiary certificate the name or names of the beneficiary or beneficiaries to whom he desires the benefit paid, and the name or names shall be entered in the beneficiary certificate by the Most Excellent Recorder, subject to such future disposal of the benefits as the member, in accordance with the laws of the Order, may thereafter direct. Provided, that no certificate can be made payable to the estate of the members, and that no persons shall be named as beneficiaries unless they bear one of the following relation to the member: wife, children, grandchildren, great-grandchildren, great - great - grandchildren, parents, grandparents, great-grandparents, great-great-grandparents, brothers, sisters, aunts, uncles, nieces, nephews, first cousins, half-brothers, half-sisters, children by legal adoption, affianced wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, persons dependent upon the member. Provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the Board of Directors, to make such institution his beneficiary.

"(57) Sect. 3. Members may at any time surrender their beneficiary certificates and have new ones issued payable to such beneficiary or beneficiaries as they may direct, subject, however, to the provisions of Par. 56 of this Article; such changes to be made by signing the blank for that purpose upon the reverse side of the old certificate, which signature must be attested by the Recorder of the Subordinate Assembly and have the seal of the Subordinate Assembly attached."

It is averred that after Thomas J. Leis was designated by John Essig as beneficiary, the certificate was sent to the Most Excellent Assembly of the Artisans Order of Mutual Protection, the Superior Body of such Order, which alone has the right to issue certificates and approve designations of

beneficiaries, and the said Most Excellent Assembly of the Artisans Order of Mutual Protection refused to issue a certificate to Thomas J. Leis as beneficiary or to recognize him as a beneficiary because of the laws of the Order and of the Commonwealth of Pennsylvania.

Plaintiff filed a reply to the new matter contained in the affidavit of defense, in which he averred "that under paragraph 57, section 3, of the by-laws of the Most Excellent Assembly of the Artisans Order of Mutual Protection, the designation of plaintiff as substituted .beneficiary in the certificate was consummated by the signature of John Essig and attestation of the Recorder of the subordinate Assembly, as appears by the copy of the certificate with substitution of beneficiary designated thereon attached to the statement of claim;" that the "said certificate was not sent to the Most Excellent Assembly of the Artisans Order of Mutual Protection, and the order did not·refuse to issue a certificate to Thomas J. Leis or refuse to recognize him as beneficiary;" and that "the defendants in this interpleader cannot take advantage of any irregularity or informality or of any violation of the by-laws of the Most Excellent Assembly of the Artisans Order of Mutual Protection, if such exist, in this case."

The present motion is for judgment for want of a sufficient reply to new matter in defendants' affidavit of defense.

In support of the motion, it is urged that it appears in the new matter, and is not denied by plaintiff in his reply, that he was not eligible for selection as a beneficiary. The pleadings show that only a certain class of persons can be designated as beneficiaries, and that plaintiff, a brother-in-law, is not in that class.

The by-laws provide in the event of death of the beneficiary selected by the member before his death, if no other or further disposition be made thereof in accordance with the provisions of paragraph 56 of the by-laws, the benefit shall be paid to "the widow, the children . . . parents, sisters and brothers of the deceased member, in the order named."

The pleadings show that the original beneficiary, who was his wife, predeceased John Essig, and that no other or further disposition was made in accordance with the provisions of paragraph 56 of the by-laws; that plaintiff could not be selected; and that the defendants, who are the brothers and sisters of the deceased member, are the only parties within the designated class.

The case is ruled by Grant v. Faires, Executor, 253 Pa. 232, 237, in which it was decided that: "Payment to a stakeholder, or into court, of the fund for which there are rival claimants, to await the legal adjudication of their respective claims, does not constitute a waiver of the rights of either party;" and "on the death of a member his certificate ripens into a legal obligation against the society, which it can only discharge by payment to the right party. And if in such case the society admitting its liability on a membership certificate, for which there are rival claimants, by agreement pays the amount due thereon . . . into court, that the rights of the claimants may be adjudicated, the fund takes the place of the society's liability, and the rights of the claimants are unchanged. Disposal thereof must be made according to the rules of the society and the law of the State. To hold otherwise is to ignore the very object for which the fund is deposited, to wit, the ascertainment of its legal ownership; not the waiver of rights, but their adjudication."

In the present case there is no contract by John Essig to designate plaintiff as a beneficiary, and plaintiff paid no consideration in reliance upon a con-

tract. He bore no relation to John Essig which qualified him to be designated as a beneficiary.

Counsel for plaintiff argued that there is no provision in the Practice Act or its amendments for entering judgment for want of a sufficient reply to new matter in an affidavit of defense.

Section 2 of the Practice Act of May 14, 1915, P. L. 483, as amended in section 2 of the Act of March 30, 1925, P. L. 85, reads: "The pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defense, and, where a set-off or counter-claim or new matter is pleaded, the plaintiff's reply thereto. When the affidavit of defense, or, where a set-off, or counter-claim, or new matter is pleaded, the plaintiff's reply thereto is filed, the pleadings shall be closed and the case shall be deemed to be at issue, and no replication or formal joinder of issue shall be required."

Section 17 of the Practice Act provides: "When the defendant sets up a set-off or counter-claim, he may move for judgment against the plaintiff for want of a reply, or, for want of a sufficient reply, to the whole or any part of the set-off or counter-claim; and the court may enter judgment in favor of the plaintiff or the defendant for such amount as shall be found due."

The case is at issue, but there is no issue of fact to be submitted to a jury. The issue is one of law, and the present motion may be regarded as a rule for judgment upon the whole record.

Judgment should be entered against the plaintiff and in favor of defendants. The legislation applicable to the case and the by-laws of the Order are set out in the pleadings. Plaintiff is admittedly not within the class of persons entitled to become a beneficiary and to have a certificate issued to him.

And now, to wit, July 23, 1928, it is ordered that judgment be entered against the plaintiff, Thomas J. Leis, and in favor of defendants, Fabian Essig, Franz George Essig, Adolf Essig, Ottilie Rieger, Rosa Sprenger and Anton Essig.