Ligouri, Appellant, *v.* Supreme Forest
Woodmen Circle.

Argued October 14, 1936. Before KEPHART, C. J.,
SCHAFFER, DREW, LINN and STERN, JJ.

*John E. Evans, Sr.,* of *Margiotti, Pugliese, Evans & Buckley,* with him *Cyrus A. Davis,* for appellant.

*Joseph A. Langfitt, Jr.,* of *Langfitt & Langfitt,* for appellee.

OPINION BY MR. JUSTICE DREW, November 23, 1936:

Plaintiff sued in assumpsit upon a contract of life insurance entered into between his deceased wife and defendant, and attested by a "benefit certificate." The affidavit of defense pleaded suicide of the insured, in which event, under the terms of the certificate, there could be no recovery. A jury trial resulted in a verdict for defendant. On appeal, we reversed for erroneous instructions in the court's charge: 318 Pa. 424. Following the remand an "additional affidavit of defense" was filed, alleging breach of warranty upon the insured's part in her application for the certificate. Defendant averred that insured had suffered from an infection of the generative organs and that her Fallopian tubes had been removed, whereas her answers to questions asking if she had "ever been treated for diseases of the generative organs" or had ever had "any . . . disease of the genitourinary apparatus," were in the negative. The retrial resulted in a directed verdict for defendant upon the ground that the warranty had been broken. It is from the judgment for defendant that followed the overruling of plaintiff's motion for a new trial that we have the present appeal.

Appellant insists that the insured's answers are to be construed as representations, and that a recovery may be had, albeit the insured's negative answers were not true in fact. It is the beneficiary's contention, and there is evidence in its support, that his wife was never told of the presence of these ailments, under the advice of physicians, and that she could not, therefore, be guilty of intentional misrepresentation such as would be necessary to defeat recovery. Defendant insists that the answers were warranted, and that it was sufficient to show a divergence from the true condition. We have no hesitation on this point. The application contained the following provision: "I hereby certify, agree *and warrant* that all the statements, representations and answers in this application, . . . are full, complete and true . . . ; I agree that any untrue statements or answers made by me in this application or to the examining physician, or any concealment of facts in this application or to the examining physician intentional *or otherwise,* . . . my benefit certificate shall become void and all rights of any person or persons thereunder shall be forfeited." Following the various answers is the additional provision: "For the purposes of this application I declare and *warrant* the foregoing answers and statements to be true." (Italics ours.) In the face of such positive language we are powerless to accept appellant's argument that the parties could not, because of the involved and intricate nature of many of the numerous questions, have intended that the insured's rights would be predicated upon the absolute truth of the replies. Regardless of the propriety of that contention with respect to the more remote questions in the application, upon which we pass no opinion at this time, it certainly cannot apply to the very material questions and answers here involved. The answers were material to the risk, they were warranted, the true factual situation was otherwise, and there can be no recovery.

There was no need to refer the matter to the jury. Plaintiff's witness, the physician who had attended insured during her lifetime, testified to the presence of the infection in question. This testimony was uncontradicted and was the negation of plaintiff's case and the proof of defendant's, and the rule of *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, does not apply.

Our recent decision in *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, rules the present appeal in its entirety.

Judgment affirmed.