## Hamilton, Appellant, *v.* The Police Beneficiary Association et al.

Argued September 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Henry D. O'Connor,* with him *Geoffrey J. Cunniff,* for appellant.

*Herman Steerman,* with him *Domenic Furia,* for appellee.

OPINION BY KELLER, P. J., December 13, 1944:

We shall not discuss the merits of this case, for an examination of the Rules of Civil Procedure governing Interpleader by Defendants (Rules 2301-2325), which became effective January 22, 1940, satisfies us that the present appeal is interlocutory and must be quashed, because not authorized by the provisions of the Practice Act of 1915, P. L. 483, and its amendments, which are made applicable to such interpleader issues by Rules 2309-2312 inclusive.

The appellant, Ethel Hamilton, the beneficiary in a certificate of membership, issued May 19, 1943, in the Police Beneficiary Association, which purported to entitle the beneficiary to $2,000 on the death of the member, William N. Clapper, brought an action to the above number and term against the association to recover said amount following the death of Clapper, and filed her statement showing her right to said fund as the named beneficiary. The defendant association presented a petition for interpleader, in which it admitted its liability on the certificate and disclaimed all interest in the fund but averred that the proceeds were also claimed by Jennie Clapper, the mother of the deceased member; and it prayed that the said claimant and the plaintiff be required to interplead as to their right to the fund, which it paid into court.

An issue in interpleader was awarded, and the claimant, Jennie Clapper, filed her statement of claim in interpleader wherein she alleged, under 'Additional Matter' that her son, the said William N. Clapper, had agreed[1], on May 15, 1943, in consideration of certain matters therein recited, to make her the beneficiary of his membership certificate in said association.

To this the plaintiff, Ethel Hamilton, four days after the service of said statement, entered a rule on the

---

[1] Not stating whether the 'agreement' was oral or in writing, as should have been done.

claimant to show cause why judgment should not be entered for her, *the plaintiff in the action,* for want of a sufficient statement of claim in interpleader; which the court, after hearing, discharged, with leave to file an answer on the merits.

Ethel Hamilton appealed to this court.

Rule 2309 provides, inter alia, that the claimant, so interpleaded, shall file a statement of her claim against the *defendant,* which shall be in the same form, etc. as required of a *plaintiff's* initial pleading in an action of assumpsit; and that following the allegations relating to her claim against the *defendant,* the interpleaded claimant may include, under the heading 'Additional Matter,' any allegations relevant to the claim of the *plaintiff in the action* or any other claimant.

Rule 2310 provides, inter alia, that the plaintiff in the action shall file an answer to such 'additional matter,' in so far as it involves her claim in the action; the form of which shall be the same as that required of a *defendant's* initial pleading in an action of assumpsit.

Rule 2312 provides, inter alia, that the manner of raising questions as to the form or sufficiency of any pleading shall be the same as in actions of assumpsit. See sections 20 and 21 of the Practice Act aforesaid.

Accordingly, the claimant's statement may be attacked by a motion to strike off, a rule for a more specific statement, or by an answer raising a question of law, in lieu of demurrer, (section 20) commonly called a 'statutory demurrer.' (Goodrich-Amram Annotations, §§2309 (d)-2, 2312-2.

This is because, in effect, under the Rules, where the original defendant disclaims interest and pays the fund into court, the interpleaded claimant becomes the plaintiff in the interpleader issue, and the original plaintiff in the action becomes the defendant in the interpleader issue, and her answer is in the nature of an affidavit of defense: Goodrich-Amram Annotations, §2310 (c)-1.

The rule for judgment for want of a sufficient statement of claim in interpleader, entered by the plaintiff, Ethel Hamilton, was in substance an affidavit of defense raising questions of law, in lieu of demurrer, as provided for by section 20 of the Practice Act; supra. Hence it is governed by the decisions of our Supreme Court construing that section. It was decided in *Stamper v. Kogelschatz*, 289 Pa. 94, 137 A. 127, and *Deardorff, Admr. v. Continental Life Ins. Co.*, 297 Pa. 289, 146 A. 816, that an order overruling an affidavit of defense raising questions of law, with leave to file an affidavit of defense on the merits, is an interlocutory order, from which no appeal lies until a final judgment has been entered in the case.

We may add, however, that before the appellant is required to file an answer on the merits, the interpleaded claimant should file an amended statement setting forth whether the alleged agreement referred to in paragraph 8 was made orally or in writing; and appellant is allowed fifteen days after service of such amended statement on her attorney to file her answer on the merits.

Our action is not to be taken as expressing any opinion on the merits.

Appeal quashed.