Garland, Appellant, *v.* Craven et al.

352

Argued October 24, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Louis Vaira,* for appellant.

*Samuel J. Goldstein,* for appellees, submitted a brief.

OPINION BY KELLER, P. J., December 15, 1944:

Equitable Life Assurance Society issued a group life insurance policy to Heyl & Patterson, insuring such of their employees as elected to participate. Albert E. Craven, on becoming an employee, so elected and on July 2, 1942 the insurance company issued to him a certificate under said policy insuring him in the amount of $1,800 payable at his death to "Sarah E. Craven, wife", the person designated by him as his beneficiary in his written election to participate in said group insurance. There was nothing in the policy or the certificate which restricted his choice of the beneficiary. As a matter of fact, Craven's wife, Catherine Clark Craven, had died in 1936 and he had not remarried.

Craven left the employ of Heyl & Patterson because of disability on November 26, 1942 and died January 19, 1943. There were certain provisions in the policy, which need not be stated here, which kept the insurance in force up to the time of his death.

Sarah E. Garland, claiming to be the person designated in the certificate as beneficiary, made claim for the insurance payable under said policy and brought an action against the company to recover the same. The defendant filed a petition, admitting liability on the policy and disclaiming all interest in the action, but averring that Craven's surviving children, viz., Albert Craven, Jr., James W. Craven, Rosemary Seiss and Catherine Craven—whom we shall call 'the Cravens'— claimed the insurance under a provision in the policy

to the effect that if there was no beneficiary designated by the employee or surviving at his death, payment would be made to his 'surviving children'; and that said children alleged that the insured was not married at the time of his death, and that there is no such person as 'Sarah E. Craven, wife', the beneficiary named by the insured in his written election to participate in said insurance, and designated in said certificate as his beneficiary; and that on July 2, 1942, at the time of making said election, the insured was not competent to designate a beneficiary. The defendant insurance company asked the court for leave to pay the insurance money into court, and to require the plaintiff in the action and the said claimants to interplead, under the Rules of Civil Procedure Governing Interpleader by Defendants, to determine which of them was entitled to the fund paid into court. This was done. The interpleaded claimants were brought into court and the issue was tried, resulting in a verdict in their favor.

The original plaintiff moved for (1) judgment non obstante veredicto in her favor, and (2) a new trial. The court granted a new trial on the ground that the verdict was against the evidence, but discharged the rule for judgment n. o. v. The original plaintiff appealed from the order discharging said rule.

The Rules of Civil Procedure aforesaid (Nos. 2301-2325) were not strictly followed in the court below. The rules provide that where the *defendant in the action* disclaims all interest in the action, and the contest thereafter is between the original plaintiff and the interpleaded claimants, the latter shall be the plaintiffs in the interpleader issue and the original plaintiff shall be the defendant. See *Hamilton v. Police Beneficiary Assn.*, 156 Pa. Superior Ct. 210, 40 A. 2d 152. The rules direct that the interpleaded claimants shall file a statement of claim, and the original plaintiff, where necessary, shall file an answer in the nature of an

affidavit of defense. The burden is thus on the inter-pleaded claimants—here, the Cravens—to prove their case as averred in their statement of claim, not on the 'plaintiff in the *action*', who has become the defendant in the *issue* being tried.

In the present case, the interpleader issue was tried as if Sarah Garland were the plaintiff and the Cravens were the defendants; whereas they should have been just the other way.

The Cravens had filed their statement of claim setting forth their claim to the insurance substantially as out-lined in the defendant company's petition for inter-pleader. Under the heading, 'Additional Matter', relevant to Sarah Garland's claim (Rule 2309 (c) ), they *denied* the material averments contained in her state-ment of claim filed in the original action, as to her being the beneficiary designated in the certificate or the person whom the insured intended to be the beneficiary in the written election to participate in said policy. As the 'additional matter' consisted only of denials of averments in her statement of claim, Mrs. Garland was not obliged to file an answer denying the denials, or reaffirming her previous averments.

On the trial the Cravens utterly failed to sustain the burden resting on them. They produced no testimony worthy of serious consideration that their father was incompetent on July 2, 1942 to designate a beneficiary of his insurance. The witnesses produced by them proved the contrary, and the court properly withdrew that question from the jury.

This left only the question whether the insured in naming 'Sarah E. Craven, wife,' as his beneficiary was referring to Sarah E. Garland, whom, as there was testimony to show, he was intending to marry when she obtained a divorce from her husband. Under the law, as he was paying the premiums, he had a right to name anybody, whether related to him or not, even a para-

mour, as the beneficiary: *Overbeck v. Overbeck,* 155 Pa. 5, 25 A. 646.

The Cravens not only failed to disprove the averments contained in Sarah Garland's statement of claim in the *action,* which they had assumed to do in their statement of claim under 'Additional Matter', but they admitted in their testimony on the trial that in their father's designation of 'Sarah E. Craven, wife', he was probably referring to Sarah E. Garland. See original Notes of Testimony, pp. 99-100 [1] (Albert Craven, Jr.); p. 115 [2] (Rosemary Seiss); pp. 118-119 [3] (Catherine Craven).

In order to recover it was incumbent on the Cravens to prove that there was *no* person designated as beneficiary in the election and certificate, or that the designated person was dead; or, in this case, that there was *no* person living whom the insured had intended to designate as 'Sarah E. Craven, wife'. Their interest under the policy would arise only if there were *no* beneficiary named or the beneficiary named had died. Hence the testimony introduced by them on the trial, that the insured had told certain of his children that he was going to name his daughter Catherine as his beneficiary, was irrelevant and immaterial and should

---

[1] "Q. [by Mr. Vaira] Did you then make any effort to discover who this 'Sarah E. Craven' was? A. No sir. Q. You subsequently found out, didn't you, that it was Sarah Garland?— A. That is right."

[2] "Q. [by Mr. Vaira] Did you know who this Sarah E. Craven was? A. I had my ideas about it. Q. And did those ideas point to Mrs. Garland? A. There was no other Sarah E. that I knew."

[3] "Q. [by Mr. Vaira] How did you come to know [Mrs. Garland] since your mother died? A. One night my father met me after the show and she was with him. Q. And had you seen them frequently after that together? A. Yes sir. Q. How often would you see Mrs. Garland with your father? how frequently? A. Oh, different times. He would meet me after the show often and he would take me with them. Q. Wasn't Mrs. Garland your sponsor when you were confirmed? A. Yes."

not have been received. By no stretch of the imagination could 'Sarah E. Craven, wife' have been intended for Catherine Craven, daughter; and the interpleaded claimants' right to the proceeds of insurance rested on their averments that *nobody* existed who fitted the designated beneficiary. If there was such a person, it would go to her, not to them as 'surviving children'. Besides, the rights of designated beneficiaries in life insurance policies cannot be set aside by alleged declarations of the insured that he was *going* to name somebody else as beneficiary, without carrying his intention into effect.

The testimony presented by Sarah Garland and her witnesses furnished a reasonable explanation of the insured's use of 'Sarah E. Craven, wife', instead of Sarah E. Garland, and in the opinion of the court below was of such weight and volume as to require it to set the verdict aside as being contrary to the evidence, saying: "As shown above from the excerpts of [interpleaded claimants] testimony, there seems to be little doubt that they knew Sarah Garland was the beneficiary intended by their father. That, together with other evidence leads us to the conclusion that the verdict was against the weight of the evidence."

The case is very similar in some respects to *Hendricks, Admrx. v. Prudential Ins. Co.,* 149 Pa. Superior Ct. 350, 27 A. 2d 261, (allocatur refused, 149 Pa. Superior Ct. XXIV) where we sustained the court below in entering judgment non obstante veredicto in favor of the defendant insurance company, which paid the proceeds of a life insurance policy payable to "Mary E. Hendricks, wife of the Insured", as "beneficiary", to Mary Cohen, his paramour with whom he lived. We there said, speaking by Judge KENWORTHEY: "The question is: Where there is proof that the beneficiary designated in a policy as the wife of the insured is not the *legal* wife, can a jury be permitted to find there was *no* beneficiary,

where it is admitted the insured was actually living with a woman whose given name fits the description?

"We think the question answers itself. The basic issue is: Whom did Hendricks intend to get the benefits of his policy? When a man of sound mind, with all his faculties, names in a policy of insurance "Mary Hendricks, Wife", it must be presumed he intended a real, not a fictitious person. If his legal wife is not Mary, but he has an 'illegal' wife or paramour who is, it is simply common sense that he intended the latter in the absence of proof to the contrary."

But the court felt that under the ruling in *Nanty Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523, the question was for the jury and a verdict in favor of Sarah Garland could not be directed.

That ruling applies where the party having the burden of proof relies wholly upon oral evidence to establish his case and produces competent supporting testimony to make out a case sufficient to go to the jury: *Trainer v. Fort,* 310 Pa. 570, 577, 165 A. 232. It does not apply where the party having the burden of proof not only fails to establish his own case, but his evidence actually supports the case of his opponent. In such event, a verdict may be directed *against* the party who fails to meet the burden resting upon him.

For these reasons we are of opinion that the court below erred in discharging the original plaintiff's rule for judgment non obstante veredicto, and that judgment should be entered in her favor and against the interpleaded claimants for the fund in court, notwithstanding the verdict.

This action is in general accord with our rulings in *Stewart v. Shenandoah Life Ins. Co.,* 144 Pa. Superior Ct. 549, 20 A. 2d 246; and *Brownsville Lodge No. 357 K. of P. v. Great American Ind. Co.,* 128 Pa. Superior Ct. 553, 194 A. 529; and also the cases of *Altman v. Standard Refrigerator Co.,* 315 Pa. 465, 483, 173 A. 411; *Ligouri v. Supreme F. W. Circle,* 324 Pa. 273, 276, 188 A. 169;

*Baxter v. N. Y. Life Ins. Co.,* 115 Pa. Superior Ct. 287, 295, 175 A. 899; and *Ratkovic v. Metropolitan Life Ins. Co.,* 126 Pa. Superior Ct. 492, 497, 191 A. 201.

The order granting a new trial is set aside, and judgment is directed to be entered in favor of Sarah Garland and against the interpleaded claimants, Albert Craven, Jr., James W. Craven, Rosemary Seiss and Catherine Craven, notwithstanding the verdict.