## Sigora et al. *v.* Metropolitan Life Insurance Company (et al., Appellant).

Argued December 10, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*David H. Rosenbluth,* for appellant.

*John Edward Sheridan,* with him *Eugene John Lewis,* for appellee.

OPINION BY RENO, J., January 18, 1946:

Joseph Sigora and George Sigora, Jr., who have been called plaintiffs throughout this litigation and will be so styled in this opinion, instituted assumpsit against defendant, Metropolitan Life Insurance Company, to recover as beneficiaries under a life insurance policy

certificate held by their father, George Sigora, Sr., who died on October 26, 1944.

At insured's death, Joseph and George Sigora, Jr., were the designated beneficiaries on the certificate issued under a group contract of insurance between Metropolitan Life Insurance Company and Westinghouse Electric and Manufacturing Company, the employer of the deceased insured. Josef Sigora was the original beneficiary, but plaintiffs were subsequently designated as beneficiaries by the insured, who, on September 13, 1938, forwarded his written request, accompanied by his certificate, to his employer. The employer noted the change on the certificate and properly entered said change on the "Register of Change of Beneficiary", which formed a part of the certificate. On September 15, 1944, the insured wrote his employer that he wished again to change the beneficiaries under his certificate in order to allow his wife, Rose Sigora, plaintiffs' stepmother, to receive one-half of the proceeds. Again on September 30, 1944, he wrote his employer that he wished still another change, stating then that he desired the present plaintiffs to take the entire proceeds to the exclusion of all others. The last two letters were not accompanied by the certificate, no change was made thereon, and no entry signifying such change was made on the beneficiary register.

After plaintiffs commenced this suit, the insurance company filed a petition for interpleader averring that a claim to the proceeds of the certificate had been made by Rose Sigora; and after notice to plaintiffs a decree was entered authorizing the insurer to pay the proceeds into court and an interpleader granted. The insurer paid the net proceeds of the certificate, $3,944.00, into court, and having disclaimed all interest in the action, the court entered an order terminating its liability to plaintiffs and to all interpleaded claimants. Claimant, Rose Sigora, filed a pleading called a "Statement in Interpleader", alleging, inter alia, her right to one-half

of the proceeds on the strength of decedent's letter to his employer of September 15, 1944. Plaintiffs filed no further pleading, but entered a rule for judgment on the whole record, which then, so far as the real parties in interest were concerned, consisted of the plaintiffs' original statement of claim and the claimant's statement in interpleader. The court below made this rule absolute and entered judgment for plaintiffs. Claimant then took this appeal.

The certificate of insurance issued to decedent contained the following: "Register of Change of Beneficiary. Note—Entries in this register are to be made only by the Employer. No other entries shall be recognized." From the fact, developed by the pleadings, it is obvious that the only effective change of beneficiaries was that of September 13, 1938, naming plaintiffs as beneficiaries. This was the only time when the certificate was presented for the proper change to be made by the employer. In discussing the situation the court below said: "There are numerous cases which apparently are in conflict as to what is necessary to be done in order to effect a change in beneficiary. A number of cases indicate that the test is—did the insured do all that he reasonably could do under the circumstances to effect such change? Even under that line of cases, the insured failed to do what he could have done. The pleadings make clear that the insured was aware of what was necessary to be done to change his beneficiary since in September of 1938 he delivered his instrument of insurance to his employer and at that time had the name of the beneficiary changed from his son George [Josef] to the names of the two plaintiffs. Therefore, having made this change on that occasion, he was aware of all of the elements necessary in order to change his beneficiary."

Claimant here argues that the insurance certificate does not provide that entry on the register shall be the exclusive method of changing the beneficiary, and that

a change may be made even though the method prescribed in the policy may not be strictly followed. In support of this contention claimant relies upon *Riley v. Wirth*, 313 Pa. 362, 169 A. 139; *Skamoricus v. Konagiskie*, 318 Pa. 128, 177 A. 809; *Estate of K. I. Sanes (No. 1)*, 91 Pa. Superior Ct. 466; and *Tomilio v. Pisco*, 123 Pa. Superior Ct. 423, 187 A. 86. A careful study of these cases, which need not be factually analyzed here, indicates that under their peculiar facts substantial, and not strict, compliance with the terms of the policy, was considered sufficient to effectuate a legal change of the beneficiary. Each of these cases has extenuating circumstances that made strict compliance with the terms of the policy a virtual impossibility, and therefore a more liberal rule was applied. Here, we are confronted with no unusual factual situation. The insured had the policy in his possession at all times, he knew the proper procedure necessary to make a valid change, was fully capable of following it, but neglected to do so. His was not strict compliance, nor could it be deemed substantial compliance even under the broadest view of the most liberal cases.

Finally claimant argues that since the insurer paid the money into court, the necessity for compliance with the provisions of the policy was waived. In *Grant v. Faires*, 253 Pa. 232, 239, 97 A. 1060, the Supreme Court said: "We cannot regard as accurate the . . . statement . . . to the effect, that the deposit of the fund in court constitutes such a waiver on part of the society as to change the legal rights of claimants. For, in our opinion, a society which is legally liable to pay money to one of two parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has not waived any right. Under such circumstances to pay the fund into court or to a stakeholder is proper practice and thereby no rights are lost: . . ." The case at bar is squarely ruled by this proposition.

Neither party has raised any question concerning the procedure adopted in this case, but we cannot over-

look the grave defects disclosed by the record. The case came to us under the caption: "Joseph Sigora and George Sigora, Jr., v. Metropolitan Life Insurance Company, Defendant, and Rose Sigora, Claimant." As explained by our late President Judge KELLER in *Garland v. Craven,* 156 Pa. Superior Ct. 351, 354, 41 A. 2d 140, the Rules of Civil Procedure relating to interpleaders (Nos. 2301-2325) provide "that where the *defendant in the action* disclaims all interest in the action, and the contest thereafter is between the original plaintiff and the interpleaded claimants, the latter shall be the plaintiffs in the interpleader issue and the original plaintiff shall be the defendant." See, also, *Waples v. Police Beneficiary Asso.,* 156 Pa. Superior Ct. 592, 41 A. 2d 342. Hence, after Metropolitan Life Insurance Company was discharged of all further liability, this case should have proceeded with Rose Sigora as plaintiff and Joseph Sigora and George Sigora, Jr., as defendants. Moreover, although it may be a convenient method for securing the judgment of the court, the rules do not provide for a motion or rule for judgment upon the whole record. Judge KELLER also explained the manner of raising questions as to form and sufficiency of pleadings in interpleader. Pointing out that Rule 2312 provides that such questions shall be raised in the same manner as provided by the Practice Act, he said in *Hamilton v. Police Beneficiary Assn.,* 156 Pa. Superior Ct. 210, 212, 40 A. 2d 152: "Accordingly, the claimant's statement may be attacked by a motion to strike off, a rule for a more specific statement, or by an answer raising a question of law, in lieu of demurrer . . ." The question upon which the court below in this case based its judgment should have been raised by an affidavit of defense raising questions of law in lieu of a demurrer under the Practice Act of May 14, 1915, P. L. 483, §20, 12 PS §471. In substance, however, the motion for judgment upon the whole record presented the same question, and the error is procedural and not fundamental. Since all parties acquiesced in

this procedure we note the circumstances only for the purpose of manifesting our disapproval.

Judgment affirmed.