## Moyer v. The Travelers Insurance Co.

*A. Ross Walter*, for plaintiff.

*Hull, Leiby & Metzger*, for defendant.

*Wm. H. Dunbar, 3rd,* and *Moses K. Rosenberg*, for interpleading claimant.

WOODSIDE, J., October 30, 1947.—This comes before us on preliminary objections filed by original plaintiff in an interpleader action to the amended complaint of an interpleaded party.

Original plaintiff filed her claim against The Travelers Insurance Company, alleging that Thomas Owen Jones, an employe of the International Business Machines Corporation, died August 1, 1946, at which time he was insured by defendant company through his employer's group life insurance policy in the amount of $19,000, and that she, his mother, was named beneficiary in the certificate of group life insurance evidencing the insurance, and that defendant company had refused her demand for payment.

The insurance company then filed its petition for interpleader in which it set forth that Josephine Marie Jones, widow of Thomas Owen Jones, asserted a claim for the payment of the insurance money, a demand which is completely inconsistent with original plaintiff's cause of action, and requested this court to order the payment of the $19,000, plus a small amount of interest, into court, and discharge it from all liability. This request was granted.

The interpleaded claimant, Josephine Marie Jones, then filed her complaint to which original plaintiff filed preliminary objections. An amended complaint was filed to which preliminary objections were again filed. Although some of these were in the nature of a request for more specific pleading in the complaint, at argument the counsel for original plaintiff stressed the objections which were in effect a demurrer.

Under Pa. R. C. P. 2309 and 2310 where original defendant disclaims interest and pays the fund into court interpleaded claimant becomes plaintiff in the interpleader issue and original plaintiff becomes defendant: Mary Tezak, Administratrix v. Grand Carniolan Slovinian Catholic Union, 58 Dauphin 417 (1947);

Sigora et al. v. Metropolitan Life Insurance Co., 158 Pa. Superior Ct. 498, 503 (1946) ; Hamilton v. Police Beneficiary Assn. et al., 156 Pa. Superior Ct. 210 (1944).

The burden is thus on interpleaded claimant, Josephine Marie Jones, to make out a prima facie case. If she fails to do this her complaint may be attacked by a demurrer by original plaintiff who is now for the purposes of pleading and proof defendant in the action: Garland v. Craven et al., 156 Pa. Superior Ct. 351, 355 (1944).

The widow contends the deceased changed the beneficiary from his mother to her, and to support the contention she alleges in her complaint inter alia as follows:

".12. That on or about September 17, 1945, the said Thomas Owen Jones requested, in writing, from his employer, the said International Business Machines Corporation, a 'Change of Beneficiary' of the policy herein above referred to, from 'Mabel M. Moyer— Mother' to 'Josephine M. Jones—Wife', claimant herein, a copy of which is hereto attached, made a part hereof and marked Exhibit 'X'.

"13. That pursuant to such request by the said Thomas Owen Jones, a formal statement of said Thomas Owen Jones' election to change beneficiaries under the terms of the certificate hereinabove referred to from 'Mabel M. Moyer—Mother' to 'Josephine M. Jones—Wife' was sent from the Washington, D. C., office to the main office in New York, New York, of the International Business Machines Corporation under date of September 17, 1945, a copy of which is made a part hereof, and which is attached to claimant's statement of claim and marked Exhibit 'C'.

"14. That said notification of change of beneficiaries from 'Mabel M. Moyer—Mother' to 'Josephine M. Jones—Wife' was received by the main office of the

International Business Machines Corporation in New York, New York, some time between September 17, 1945, and October 5, 1945."

Exhibit "X" referred to above appears to be a "Change of Beneficiary Form" executed by Thomas Owen Jones, not witnessed, and dated only "this —— day of ———— 1945." It provides inter alia as follows:

"Revoking hereby any previous designation which may be inconsistent herewith, I direct that the insurance evidenced by said Certificate, payable under said Policy in the event of my death, be paid, subject to the provisions of said Policy and in accordance with the terms thereof, to

JOSEPHINE MARIE JONES

whose relationship to me is that of Wife"

Exhibit "C" is a memo to "Mr. C. H. Arnold, Secretary's Dept." from "R. G. Clift" and states: "Mr. T. O. Jones, of this office, man no. 4528, has requested the following change in the beneficiary of Certificate #8368:

FROM: Mable M. Mayer—Mother

TO: Josephine M. Jones, Wife" . . .

There is no allegation in the widow's complaint that any notice of change of beneficiary was ever forwarded to or received by the insurance company. (The insurance company alleges in its petition for interpleader that change of beneficiary forms were not received by it, and that its records show no change of beneficiary.)

The case is further complicated by the following facts which are also alleged in the widow's complaint:

On May 1, 1946, a written agreement terminating Group Life Insurance Policy No. G-7790 as of 12:01 A. M. that date, was entered into between The Travelers Insurance Company and the International Business Machines Corporation. At the same time an oral

agreement was entered into between the insurance company and the said corporation that a new group life insurance policy would be issued.

In her amended complaint the widow alleges that this new policy was issued July 10, 1946, which was prior to the death of the insured employe, but in her brief she admits this was error and that the new policy was not issued until after the death of the insured. In her original statement executed November 18, 1946, she set forth in paragraph 19 that: "Since the time of the death of the said Thomas Owen Jones on August 1, 1946, the oral agreement hereinabove referred to was replaced by a new policy which has not yet been adopted by the said International Business Machines Corporation." In consideration of the admission in her counsel's brief we shall accept the original allegation and not the admittedly erroneous allegation contained in the amended complaint. (The insurance company in its petition for interpleader executed October 30, 1946, states that the new policy was not then issued.)

The old policy, no. G-7790, provides that: "Any employee insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change on forms furnished by the (Insurance) Company, but such change shall become effective only upon receipt of such request at the Home Office of the (Insurance) Company."

The new policy, No. G-11466, provides that: "Any employee insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change on forms furnished by the (Insurance) Company, but such change shall become effective only upon receipt of such request at the main office of the Employer at New York, N. Y."

The interpleaded claimant has pleaded in the alternative contending: (1) That the provision of the new policy relating to change of beneficiary controls this case and has been complied with effecting a change

of beneficiary, and (2) that even if the provisions of old policy govern the deceased did all that he was able to do to make a change of beneficiary and therefore the change was effected.

We are of the opinion that the provision of the old policy governs the change of beneficiary in this case. When the alleged attempt to change the beneficiary was made the old policy was in full force and effect. No effort to change the beneficiary was made by the insured after his employer and the insurance company had agreed to the cancellation of the old policy.

The new policy had not been issued or its terms agreed upon at the time of death. In the case of Grant v. Faires, 253 Pa. 232 (1916), the Supreme Court pointed out that immediately upon the death of the insured the beneficiary's rights become vested and the insurer is powerless to change or waive its requirements governing the mode of changing beneficiaries. See also Potter Title & Trust Co., Admr., v. Carlson, 160 Pa. Superior Ct. 38 (1946).

When the agreement to terminate the old policy was made an oral agreement was made that a new policy be issued but its terms were not then agreed upon. Furthermore, there can be no oral contract of life insurance in Pennsylvania: Munhall v. The Travelers Insurance Co., 300 Pa. 327 (1930).

When Jones died the old policy was by agreement "terminated", the new one had not been issued, and the oral "agreement" was not enforcible as a life insurance contract and its terms had not been agreed upon. Nevertheless, The Travelers Insurance Company paid the amount which would have been due under the old policy. Although the amount to which this employe's beneficiary would have been entitled would have been the same under the new policy, it could not have been that policy under which payment was made, for when the insurance company elected to pay, that policy was not in existence, nor were its terms agreed upon.

What the interpleaded claimant contends is that the contest between her and original plaintiff shall be determined by an agreement between the insurance company and the deceased's employer entered into not only subsequent to the death, but even subsequent to the filing of pleadings in this case. Certainly the case must be governed by the situation at the time of the death of the insured when the rights of the parties vested: Grant v. Faires, supra.

The old policy provides that "a change of beneficiary shall become effective only upon receipt of such request at the Home Office of the (Insurance) Company."

The general rule as to compliance with such provisions is well settled and has been set forth as follows: "The holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy": Shoemaker et al. v. Sun Life Insurance Co., 101 Pa. Superior Ct. 278 (1930). See also Kress v. Kress, 75 Pa. Superior Ct. 404 (1921) ; Herrod v. Kimbrough, 83 Pa. Superior Ct. 238 (1924) ; and Grant v. Faires, supra.

When this rule of strict compliance is applied in the instant case the alleged acts of the insured fall short of effecting a change of beneficiary for the most that is claimed by the interpleaded claimant is that the notification of a change of beneficiary was received in the main office of the insured's employer. There is no allegation that the request was forwarded or received at the home office of the insurance company. Therefore, there was no compliance with the express requirements of the policy.

There is, however, an exception to the general rule of strict compliance which is stated as follows in the case of Fornera's Estate, 139 Pa. Superior Ct. 252 (1940), at page 255:

"There is a well defined exception to the above general rule, which gives effect to the intention of the

insured to change the named beneficiary in a policy without strict compliance with its terms, where the insured has done everything he could do to make the change, even though the new beneficiary has not been designated in the manner prescribed by the policy."

See also Riley v. Wirth, 313 Pa. 362 (1933), Gannon v. Gannon, 88 Pa. Superior Ct. 239 (1926), and Sproat v. The Travelers Insurance Co., 289 Pa. 351 (1927).

In her amended complaint the widow alleges that the deceased requested in writing, from his employer a change of beneficiary of the policy from Mabel M. Moyer to Josephine M. Jones, pursuant to which request a formal statement of the deceased's election was sent from the Washington, D. C., office of the employe to the main office in New York. The alleged written request and the written notice sent pursuant thereto were attached as exhibits. For the purpose of the demurrer now before us we must accept the allegations of claimant as true: Condel et al. v. Savo et ux., 350 Pa. 350 (1944) ; Lipschutz v. Lipschutz, 124 Pa. Superior Ct. 380 (1936) ; Shearer v. Mutual Fire Insurance Co. of Hummelstown, 10 D. & C. 549. (1927).

Did the insured do "everything he could do to make the change"? Ordinarily this is a question for a jury: Herrod v. Kimbrough, supra; Gannon v. Gannon, supra; Skamoricus v. Konagiskie, Exrx., 318 Pa. 128 (1935).

We are not prepared at this time to say from the pleadings alone that as a matter of law the insured did not do all that he could have done to make the change effective.

And now, to wit, October 30, 1947, the preliminary objections of original plaintiff to the interpleaded claimant's complaint and amended complaint are overruled, and she is directed to file an answer on the merits in accordance with Pa. R. C. P. 2310 within 20 days.