**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1369 & 16-3259
_____

NEW YORK LIFE INSURANCE COMPANY

v.

REBECCA LEGAULT; FRANCESCO PAPALEO;
ALFRED W. RICCO a/k/a SHARON PAIGE

Sharon Paige a/k/a Alfred Ricco,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-00736)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2017
Before:  RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 2, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

New York Life Insurance Company ("New York Life") filed an interpleader complaint to request that the District Court determine the rightful beneficiary of two annuities it had issued to Marvin Samuels, M.D., who died in 2014. New York Life named three putative beneficiaries: Samuels' niece, Rebecca Legault; his former domestic partner, Francesco Papaleo; and his friend, Sharon Paige, a.k.a. Alfred Ricco. After Paige filed an answer to the complaint, Legault filed a motion for judgment on the pleadings. The District Court granted the motion insofar as Paige was dismissed from the case and barred from asserting any claim to the annuities or any claim against Legault relating to the annuities. Paige twice sought reconsideration of the decision without success. Subsequently, Legault and Papaleo reached a settlement, and the District Court ordered the distribution of funds to them.[1] Paige appeals.[2]

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's ruling on the motion for judgment on the pleadings. See Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). We review an order denying reconsideration for abuse of discretion. See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

---

[1] On Paige's motion, the distribution of the funds has been stayed until the resolution of this matter on appeal.

[2] Paige twice filed a notice of appeal, once after the orders denying reconsideration of the initial decision dismissing her from the action (opening C.A. No. 16-1369), and once after the final order directing the payment of funds to Legault and Papaleo (opening C.A. No. 16-3259). Initially, we dismissed C.A. No. 16-1369 for an apparent want of jurisdiction, but we later vacated that order and consolidated the two appeals.

The District Court properly granted Legault's motion for judgment on the pleadings against Paige. As the District Court stated, there was no dispute that Legault was the last named beneficiary of both annuities. And, as the District Court explained, there was no dispute about whether Samuels made every reasonable effort to change the beneficiary from Legault to Paige. See Alkhafaji v. TIAA-CREF Individual & Institutional Servs., LLC, 69 A.3d 219, 222 (Pa. 2013) (explaining that, under Pennsylvania law, a beneficiary change can be made either by strictly complying with policy terms or by making "every reasonable effort to comply with the notice requirements of the policy").

Furthermore, on appeal, Paige does not argue that Samuels named her as a beneficiary; instead, she disavows any argument that she or Samuels caused or sought to remove Legault as the beneficiary. See, e.g., Reply Brief at 8. Her arguments for relief center on how New York Life should have treated information about Samuels' granting her power-of-attorney and on how New York Life should have given her access to the funds on the day before Samuels' death for Samuels' medical care and personal and legal needs. Those arguments do not undermine the District Court's conclusion. Likewise, Paige's claim that the judgment against her deprived her of pursuing a compulsory counterclaim against New York Life is not a reason to vacate the judgment. Paige did not include any counterclaim in her answer to New York Life's interpleader complaint.

The District Court also properly denied reconsideration. Reconsideration is warranted under limited circumstances, such as when a litigant shows "(1) an intervening

3

change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe by Lou-Ann, Inc., 176 F.3d at 677 (citation omitted). As the District Court explained, the evidence that Paige presented in her first motion for reconsideration could not be properly considered as new, but even if it were so considered, it did not support reconsideration. See Manufacturers Life Ins. Co. v. Dougherty, 986 F. Supp. 928, 931 (E.D. Pa. 1997) (citing Garland v. Craven, 41 A.2d 140 (Pa. 1945), for the proposition that a "mere declaration of intent" is insufficient to effect a beneficiary change). As the District Court noted in regards to the second motion for reconsideration, Paige was essentially attempting to get the proverbial "second bite of the apple." Also, we note that in that motion for reconsideration, as in this appeal, Paige stated that she did not assert to be a beneficiary.

For these reasons, we will affirm the District Court's judgment.