## HOFFMAN TO USE v. McBRIDE ET AL.

### Oct. 15, 1836.

*Interpleader.*

The practice as to interpleading under the 4th and 5th sections of the act of 11th March, 1836, relative to this court.

THIS was an action brought to June term, 1836, 401, for goods sold and delivered. July 6th, 1836, *narr.* filed. On the 15th July, 1836, the defendant, under the provisions of the act of 11th March, 1836, (*Stroud's Purd.* 252, 6th ed.) filed an affidavit setting forth " that the right to the money claimed in this action, is claimed by Samuel Comly, who has given the defendant the annexed notice."

" Mr. Samuel McBride : Sir:—I hereby give you notice, that the lumber taken from the yard of Chauncey Hoffman, was all transferred by him to me for advances made, and you will pay to no other than myself. Yours, &c.

SAMUEL COMLY."

[Hoffman to use v. McBride.]

Accompanying this affidavit, the defendant filed the following suggestion :

" And now, July 14, 1836, defendants disclaim all interest in the subject matter of this action, and offer to bring the amount claimed therein into court, or to pay or dispose thereof as the court shall order, defendants not denying that they owe the amount stated in the copy of book entries filed, to the real owner of the lumber so bought by defendants."

On the 5th September, 1836, the plaintiff moved for a rule on Samuel Comly, to appear and interplead in the action under the provisions of the 4th and 5th sections of the act of 11th March, 1836, relative to this court.

The court granted the rule on S. Comly to appear and interplead, and also a rule that the defendants should pay the money into court, both which rules were complied with.

And the plaintiff having moved for a " *scire facias* sur suggestion of interpleader" against Samuel Comly,

THE COURT ordered the *scire facias*, and designated its form, as being proper under the latter part of the 4th section of the act, viz. :

" *The Commonwealth of Pennsylvania to the Sheriff of Philadelphia County, greeting :*

" Whereas Chauncey Hoffman, to the use of the Steuben County and Chemung Canal Bank, hath impleaded Samuel McBride and Andrew McBride, trading as Samuel McBride and Company, in our District Court for the city and county of Philadelphia, in a certain plea of trespass upon the case, &c.; and therein hath declared against them, viz.: at the June term of the said court, in the year one thousand eight hundred and thirty-six, at the county aforesaid, that the said Samuel and Andrew were indebted to the said Chauncey in the sum of 500 dollars, lawful money, for divers goods, wares and merchandise, by the said Chauncey before that time sold and delivered to the said Samuel and Andrew, and at their special instance and request, and being so indebted, that the said Samuel and Andrew, in consideration thereof, afterwards, to wit: on the same day and year, at said county, promised the said Chauncey to pay him the said

[Hoffman to use v. McBride.]

sum of 500 dollars, when they should be thereto afterwards requested. And whereas the said Samuel and Andrew have appeared to the said action, and by a suggestion filed of record in our said court have disclaimed all interest in the said sum of money, demanded as aforesaid, and have offered to bring the same into court, or to pay or dispose thereof as the court shall order. Whereupon, by leave of the said court, the said Samuel and Andrew did pay into our said court the sum of money demanded by the said Chauncey as aforesaid. And whereas the said Samuel and Andrew have alleged that the right to the said sum of money is claimed by Samuel Comly, of the city of Philadelphia, merchant: the said Samuel and Andrew not denying that they owe the amount stated in the copy of book entries filed to the real owner of said goods so bought by them.

"Therefore we command you that you make known to the said Samuel Comly that he be and appear before our said court on the first Monday of October next, then and there to show cause, if any he hath, why the said Chauncey should not have judgment to recover against the said Samuel and Andrew the said sum of money, and have you then there this writ," &c.

The pleadings follow which further exhibit the practice.

"And the said Samuel Comly, the garnishee, comes and says that the said Chauncey Hoffman, the plaintiff, ought not to have and maintain his action aforesaid against the said Samuel and Andrew McBride, the defendants, because, he says, that heretofore, to wit: on the first day of June, A. D. 1836, at the county aforesaid, the said Samuel and Andrew were indebted to him, the said Samuel Comly, in the sum of 200 dollars lawful money, for divers goods, wares, and merchandise, by him the said Samuel Comly, before that time sold and delivered to the said Samuel and Andrew, and at their special instance and request, and being so indebted, they, the said Samuel and Andrew, on consideration thereof, afterwards, to wit, on the day and year aforesaid, at the county aforesaid, undertook and then and there promised to said Samuel Comly to pay him the said sum of 500 dollars when they should be thereto afterwards requested: which said goods, wares and merchandise are the same by the said Chauncey in his declaration filed alleged to have by him sold and delivered to the said Samuel and Andrew, at their special instance and request, and were in fact the property of

[Hoffman to use v. McBride.]

him the said Samuel Comly, the garnishee, and not the property of him the said Chauncey, as in his declaration aforesaid is alleged. Nevertheless the said Samuel and Andrew have not paid the said sum of money, or any part thereof, to the said Samuel Comly, although to pay the same to the said Samuel Comly the said Samuel and Andrew afterwards, to wit: on the day and year last aforesaid at the county aforesaid, and often afterwards were requested by the said Samuel Comly, but the said Samuel and Andrew have hitherto refused and still do refuse to pay the same to the said Samuel Comly, to the damage of the said Samuel Comly 500 dollars, and this he is ready to verify: wherefore he prays judgment against the said Chauncey Hoffman, and also judgment that he recover the sum of 500 dollars against Samuel and Andrew the defendants."

The plaintiff's replication was in these words, viz.:

" And the said plaintiff, as to the said plea of the said defendant, Comly, by him above pleaded, saith that he ought not, by reason of any thing by the said Comly in his plea alleged, to be barred from having and maintaining his aforesaid action against the said Samuel and Andrew McBride, because he saith that the said goods and merchandise in his said declaration mentioned and alleged by him to have been sold and delivered to the said Samuel and Andrew, at their special instance and request, were the proper goods and merchandise of him the said plaintiff, and sold and delivered by him, as above stated, to the said Samuel and Andrew, and were not the proper goods and merchandise of the said Comly, nor by him sold and delivered to the said Samuel and Andrew, at their special instance and request, as the said Comly hath above, in his plea aforesaid, alleged and set forth. And this he, the said plaintiff, prays may be inquired of by the country," &c.

*G. M. Wharton*, for plaintiff.
*Brashears* and *Guillou*, for Comly.
*Meredith*, for defendants.