J. B. Van Sciver Co. *v.* New Irving Hotel, Inc.

Argued November 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ralph S. Croskey*, with him *George J. Edwards, Jr.*, for appellant.—There being no averment or claim of ownership in the petition, this case cannot be decided

upon the assumption that either exists: Bauer v. Hill, 267 Pa. 559, 563; State Camp, etc., v. Kelley, 267 Pa. 49, 54; Shapiro v. Malarkey, 278 Pa. 78, 82; Warren Sav. Bk. & Tr. Co. v. Foley, 294 Pa. 176, 178.

To be eligible under the statute, the claimant must show that it has a prima facie title to the property claimed and does not derive the same directly or indirectly by, from, or through any defendant in such execution or process.

The decree of the court below did not aid appellee; that decree merely discharged appellant's rule upon the filing of a bond by appellee.

The Mortgage Building & Loan Association, by seeking and being accorded the right of intervention, submitted itself to the jurisdiction of the court, in the status of an intervening party under the statute, and it now stands before the court in that position and in no other in this proceeding.

If the Mortgage Building & Loan Association shall be "adjudged to have the right or title to said goods or chattels," the benefit of appellant's bond will inure to it under section 3 of the Act of May 26, 1897, P. L. 95, and that is its remedy as an intervening party: Meyer v. Knight, 21 Pa. Superior Ct. 1.

The court has no right to examine into the relative merits of the respective claims of the parties on an application such as that represented by appellant's rule: Book v. Day & Sharpe, 189 Pa. 44, 47.

*Ernest N. Votaw,* with him *Conard & Middleton,* for J. B. Van Sciver Co., claimant.—The Act of April 7, 1897, with amendments, provides procedure for this situation; the Act of May 26, 1897, repeals all acts inconsistent therewith.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* for appellee.—Where the sheriff has been notified that certain property levied upon by him is claimed by a third

party, notice of a petition by the sheriff for an interpleader must be served upon plaintiff and defendant in the execution and upon the claimant and person in possession of the goods. If such notice is not given, subsequent proceedings and sale on the interpleader are unauthorized: American Laboratories v. Trust Co., 81 Pa. Superior Ct. 137; Morris Lumber Co. v. Harrington, 12 Pa. D. & C. 498.

The situation developed in this case is one not contemplated by the Act of May 26, 1897, P. L. 95, nor any of the amendments thereto.

In Pennsylvania the courts have frequently restrained an execution where, to allow the plaintiff to proceed on its technical rights, would work great injustice: Simon v. Apartment House Co., 245 Pa. 585; Com. v. Fraim, 16 Pa. 163; Eshleman's App., 74 Pa. 42; Hersha v. Brenneman, 6 S. & R. 2; Umholtz's License, 191 Pa. 177.

OPINION BY MR. JUSTICE SIMPSON, January 6, 1930:

The J. B. Van Sciver Company obtained judgment against the New Irving Hotel, Inc., and issued an execution thereon, which it caused to be levied on the furniture in the hotel. On the same day, two adverse claims of exclusive ownership of the furniture were filed with the sheriff; one by Purdy B. Moyer, appellant herein, and the other by the Mortgage Building & Loan Association, the owner of the realty and appellee herein. The sheriff first entered a rule for an interpleader as to the Moyer claim only, which rule, without notice to anybody, was, on the same day, made absolute and a bond entered by Moyer. The next day the sheriff entered a rule for an interpleader as respects the Building Association claim, which rule was made absolute and an interpleader bond filed the same day. No appeal was taken respecting either of these orders. Five days later, the Building Association obtained a rule on plaintiff, defendant and Moyer, to show cause why it should not

have leave to intervene in the Moyer interpleader. This rule, after due notice, was made absolute. Two days subsequently, Moyer filed a petition setting forth that he derived his title to the furniture "by purchase thereof from J. B. Van Sciver Company," the plaintiff in the execution, (but when, or how, or under what circumstances was not stated), and obtained a rule to show cause why the sheriff should not withdraw all levies and attachments on the furniture and deliver it to him, Moyer. The sheriff and the Building Association answered, the former setting up the record facts and praying that the interpleader issues be consolidated; and the latter averring that it had had no notice of the intention to ask for an interpleader in favor of Moyer, though he knew of the Building Association's claim of ownership, that Moyer was not the owner of the furniture, but was an agent and employee of the plaintiff in the execution, attempting to obtain possession for it, in order to deprive the Building Association thereof, though it had acquired ownership under and through an antecedent constable's sale, following its distraint for rent; and that a delivery of the furniture to Moyer would result in a closing of the hotel, thus causing "irreparable injury to this claimant, which could not and would not be compensated in damages." Upon a hearing of all the parties in interest, the court below made an order that if the Building Association within one week "shall file its bond in the sum of $12,200 [the furniture having been appraised as worth $6,053] on condition that it prosecute its claim with effect or pay the value of the goods to such person as shall finally be determined to be entitled thereto, [Moyer's] rule [will be] discharged, otherwise rule absolute."

In the opinion sustaining its order, the court below said, inter alia: "When the levy was made the goods were in an operating hotel, having been obtained by the owner of the hotel at a constable's sale under a landlord's distraint...... It seemed to the court to be in-

equitable to permit the furnishing and equipment of an operating hotel to be removed from it, thus closing the hotel and obviously entailing great incidental and uncompensable business losses upon a bona fide claimant ...... This order was, in our judgment, clearly within the equitable powers conferred in such matters by the Act of April 10, 1848, P. L. 450, which was not repealed by the Act of 1897." The court might have added also, that appellant's supposed paramount legal right, because the sheriff's application for an interpleader as to its claim was allowed and its bond entered before that of appellee, is a matter regarding which, as we will later show, he could not be permitted to take advantage, since both claims were then in his hands; and that if appellant succeeds on the trial he will get the value of the goods in place, which experience shows will be much greater than their salable value as secondhand furniture to be taken away from the hotel. The bond provided for in the last mentioned order, was duly approved and filed, and, thereafter, on notice to the sheriff and Moyer, the former was directed to deliver the furniture to the Building Association.

The present appeals challenge only the order dismissing Moyer's rule to have the furniture delivered to him, and the making absolute of the Building Association's rule to have the furniture delivered to it. It must be clear beyond controversy that those orders were equitable and just, were financially beneficial to both appellant and appellee, and should be affirmed, unless there is some binding enactment or conclusive adjudication compelling us to decide contrary to the manifest equity and justice of the case. We know of none such.

The only statutes which have been passed relating to the subject are section 9 of the Act of April 10, 1848, P. L. 448, 450, which applied only to the Counties of Philadelphia and Luzerne, but was extended throughout the Commonwealth by section 1 of the Act of March 10, 1858, P. L. 91; and the Act of May 26, 1897, P. L. 95,

as amended by the Acts of May 8, 1909, P. L. 475; May 8, 1919, P. L. 116; May 23, 1923, P. L. 346; April 7, 1927, P. L. 174, and May 7, 1929, P. L. 1595. All of these statutes were passed to protect the sheriff from liability in the execution of process (Bain v. Funk, 61 Pa. 185; Maurer v. Sheafer, 116 Pa. 339, 343) and should be liberally construed to accomplish that purpose. The first two leave the practice to be determined by the court by "such rules and decisions as shall appear to be just, under the circumstances of the case"; the others, when considered together, set forth the practice at some length, but a careful perusal of them shows that in none of them is there any provision for the situation existing here, where each of two rival claimants alleges he is the exclusive owner of the goods levied on. It is true that section 10 of the Act of 1897, P. L. 97, provides that "By leave of court other parties may be allowed to intervene and become parties to the issue with like rights and remedies as if made parties at the commencement of the proceedings" but this is evidently intended to give to later execution creditors such "rights and remedies" as section 4 gives to creditors having executions "at the commencement of the proceedings."

How then is this unforeseen situation to be met in justice to all interested parties? If the Act of 1848 is still in force, as the court below held it was so far as respects the instant question, the answer is plain, for it gave the court the right to grant appropriate relief, according to equitable principles, and the order in fact made, was, as we have already pointed out, both equitable and just. The court below had that power, moreover, entirely aside from the Act of 1848. The determination of conflicting claims to property in the hands of a third party is a distinct head of equitable jurisdiction (section 13, Act June 16, 1836, P. L. 784, 789; Act February 14, 1857, P. L. 39) and the common law courts of this Commonwealth have had from the earliest days, and still have, the inherent power and duty, so far as

the matter is not controlled by statute, to make the necessary orders where such conflicting claims are to be adjudicated: Kellogg v. Krauser, 14 S. & R. 137; Neff v. Barr, 14 S. & R. 166; Coates v. Roberts, 4 Rawle 100, 109; McMunn v. Carothers, 4 Clark 354, per LOWRIE, J. If this were not so, we would have the situation, impossible in Pennsylvania jurisprudence, that the court, which had control over property in the hands of its officer, who had no interest in it, would yet be powerless to determine equitably the rights of rival claimants.

Though not directly so stated, appellant seems to think, as already suggested, that because the sheriff's rule for an interpleader regarding his claim was first made absolute, that this gave him some prior right. None of the statutes so says, however, and the maxim prior in tempore, potior in jure has no application here. The sheriff cannot be permitted, either intentionally or by inadvertence, to thus give priority of right to one of two claimants, where both claims are in his hands at the same time; but if he could, appellant would not be helped. If, as the latter now claims, he thought section 10 of the Act of 1897 applied, he should have objected to appellee's application for an interpleader, and, if he had no notice thereof before its allowance, should have moved to vacate the order after he learned of it. He did neither of these things, however; he has not appealed from any of the orders of the court below regarding the allowance of appellee's claim, and none of the assignments of error in these cases challenges any of the actions of that tribunal in regard thereto. The result is that we have, at the same time, two outstanding unchallenged interpleader proceedings regarding the same goods, with a like right in each of the claimants, if the statutes applied to that situation (see section 2 of the Act of May 26, 1897, P. L. 95, 96, as last amended by the Act of April 7, 1927, P. L. 174), to have the sheriff deliver the furniture to him. This is, of course, impossible, since both were equally entitled thereto, and some remedy must be found

which is equitable and just, and which will relieve the sheriff from liability to one or the other of the claimants, as is his right under all the statutes. The orders appealed from accomplished this purpose as to everybody, the sheriff is apparently satisfied therewith, since he has not appealed, and hence

The orders of the court below are affirmed.