### Slaymaker *v.* Snyder County State Bank, Appellant.

Argued May 9, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*J. Simpson Kline,* with him *Jay G. Weiser,* for appellant.

*W. Logan MacCoy,* with him *C. F. Shipman* and *A. Francis Gilbert,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 26, 1932:

Samuel E. Slaymaker died December 30, 1929, a resident of Snyder County. He was survived by a widow and two sons. His will was duly probated, and his sons were appointed administrators c. t. a. The administrators, while at the Snyder County State Bank examining the contents of decedent's safe deposit box, had brought to them, by the cashier of the bank, a certificate of deposit for $20,000, which he had in his possession. It was drawn to the order of the decedent, and by him endorsed in blank. The cashier also produced several letters from the decedent relative to the certificate of deposit, wherein it was directed that the certificate be put in such state that a check issued by the decedent for the amount thereof would be honored in case anything happened to him. There was found in the safe deposit box an envelope marked "Property of Miss Birdelia Bair" in which was a check on the Snyder County State Bank to the order of E. B. Bair [Birdelia Bair] signed by the decedent. On it was written, "This is to cover two certif. of deposit $12,000 and $8,000." The $20,000 cer-

tificate of deposit was shown to have been issued by the bank to replace two certificates for $8,000 and $12,000 respectively which Slaymaker had previously procured.

Plaintiffs claimed the proceeds of the certificate as the property of the estate, and entered suit thereon against appellant, the Snyder County State Bank. The bank undertook to defend on the ground that the funds called for by the certificate were the property of Miss Birdelia Bair because of the check and other matter; that these were to be held in trust for her. The position of the defense was that it was practically a stakeholder. It did not do as it should have done, ask for an interpleader, but attempted to defend Miss Bair's rights in the litigation to which she was not a party. The court below gave judgment against the bank, and if the judgment is permitted to stand, the bank would undoubtedly be liable to another action and possibly a recovery on the part of Miss Bair.

It was stated at the argument that if this was permitted it would seriously prejudice the depositors and stockholders of that bank. Of course, we would not permit such a contingency to arise if it is possible to relieve the situation, and under our general powers we have that authority.

The appellees frankly state that they do not wish to embarrass the bank. Therefore, we will make such order as will preserve the rights of the appellees, and hold the $20,000, which has been paid into court as security for this appeal, until the final determination of this matter. The record in this case shows that the subject-matter or property is in Snyder County and jurisdiction over it and the principal defendant, Snyder County State Bank, has been acquired by the Snyder County courts. Under the Act of April 6, 1859, P. L. 387, jurisdiction may be acquired over E. B. Bair, a nonresident, in the interpleader proceeding related to this action. We accordingly make the following order:          .

274

The judgment of the court below is vacated, but the $20,000 paid into court shall be held pending the determination of this order. The Snyder County State Bank is directed to give notice by registered mail and, if necessary, by advertising in a local paper as the court below may order, to E. S. Bair [Birdelia Bair] to interplead by instituting an action against the bank within 30 days, to recover the fund in dispute, the advertising to be dispensed with if Miss E. B. Bair appears and submits to the jurisdiction of the court. Leave is granted the bank to notify the administrators to appear and defend, or they may of their own motion be permitted to intervene and defend. If the action is not brought within the time specified in this order, then leave is granted to the appellees to petition this court to strike off the order of vacation, and thereupon the judgment will be affirmed. If the proceedings shall be instituted as herein required, they shall be expeditiously proceeded with in the court below until final judgment either in that court, or in this court, if appealed. If that judgment be in favor of E. B. Bair, the order of vacation on the present judgment will continue as a permanent order, and the money will be paid to E. B. Bair in accordance with the final judgment in the interpleader proceeding. If the judgment is adverse to E. B. Bair, then the appellees may petition this court to strike off the order vacating the judgment, and it shall thereupon be affirmed forthwith. The record is to be forthwith remitted and costs of the proceeding to this point are to be paid by the appellant in this case.