Prudential Insurance Company of America, Appellant, *v.* Grabowski et al.

Argued March 4, 1941.

244

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

A. *Floyd Vosburg*, of *Vosburg & Vosburg*, for appellant.

*Joseph P. Brennan, Arthur A. Maguire* and *Paul E. Pendel*, for appellees, were not heard.

Opinion by Keller, P. J., April 16, 1941:

The plaintiff insurance company on October 8, 1934 issued to George Poholek three industrial life insurance policies, each payable on his death to his executors or administrators. The policies aggregated $989, and the premiums were calculated in reliance on the statement in the policy that the insured was forty-nine years old. The insured died on May 26, 1937, while the policies were in force.

Proofs of death were sent in by Edward Grabowski, claiming to be the assignee of the policies, by assignment executed by the insured and forwarded to the company in his lifetime, but the company, asserting that the insured's true age on date of issue of the policies was sixty-one years or over, refused to pay the face of the policies, or more than $443.30, which it asserted

was the insurance the premiums paid would have purchased if the insured's age was sixty-one.

One Katcrzyna Paholek, of Poland, claiming to be the widow of the insured, through an attorney employed by the Polish Consulate, also made claim to the insurance money; and each claimant threatened to bring an action at law on the policies.

On October 18, 1939 the insurance company filed this bill in equity against Edward Grabowski and Katcrzyna Paholek setting forth the foregoing, in substance, and stating its willingness to pay "to the person whom the court shall determine is legally entitled to the same, the sum of $443.30 as above set forth," and averring "that it would be unjust and inequitable to subject it to a defense of the two threatened actions at law, based upon said policies." Wherefore it prayed: (1) That the court enter a decree adjusting the amount due on the policies. (2) That the claimants be ordered to interplead to determine the person legally entitled to the insurance fund. (3) That all proceedings at law be restrained until the bill be disposed of.

The defendant, Grabowski, filed preliminary objections to the bill: (1) That plaintiff has a full, complete and adequate remedy at law. (2) That a court of equity has no jurisdiction to direct claimants to interplead where the amount due is in dispute.

After hearing, the court sustained the second ground of objection and dismissed the bill. Plaintiff appealed.

The bill as filed was, in form, an interpleader bill, but it disputed the amount due under the policies, and hence failed to come within the equity jurisdiction conferred upon our courts of common pleas by the General Assembly. It is sometimes forgotten or overlooked that *general jurisdiction in equity or chancery over all subjects* has not been conferred on our courts of common pleas: *Peoples-Pittsburgh Trust Co. v. Henshaw,* 141 Pa. Superior Ct. 585, 594, 595, 15 A. 2d 711, 716, 717; 13 Standard Penna. Practice, chap. 68, sec. 4, pp. 581-2.

By the Act of June 16, 1836, P. L. 784, it was provided in section 13, that the Supreme Court, when sitting in banc in the city of Philadelphia, and the Court of Common Pleas for the said city and county, should have the power and jurisdiction of courts of chancery, so far as related to ...... "IV. The determination of rights to property or money claimed by two or more persons, in the hands or possession of a person *claiming no right of property therein*". (italics added). By subsequent legislation (Act of February 14, 1857, P. L. 39) the jurisdiction in equity. thus conferred was extended to all the courts of common pleas of the Commonwealth; but the jurisdiction in interpleader was not then or subsequently enlarged so as to include cases where the plaintiff in the bill for interpleader disputed the amount payable by him to the person entitled to receive the fund or claimed an interest therein. Mr. Justice STONE in the case of *Texas v. Florida,* 306 U. S. 398, 406-7, pointed out the distinction between a strict "bill of interpleader" and a "bill in the nature of interpleader", as follows (citations omitted) :

"The peculiarity of the strict bill of interpleader was that the *plaintiff asserted no interest in the debt or fund,* the amount of which he placed at the disposal of the court and asked that the rival claimants be required to settle in the equity suit the ownership of the claim among themselves. But as the sole ground for equitable relief is the danger of injury because of the risk of multiple suits when the liability is single ...... and as plaintiffs who are not mere stakeholders may be exposed to that risk, *equity extended its jurisdiction* to such cases by the *bill in the nature of interpleader.* The essential of the bill in the nature of interpleader is that it calls upon the court to exercise its jurisdiction to guard against the risks of loss from the prosecution in independent suits of rival claims *where the plaintiff himself claims an interest in the property or fund* which is subjected to the risk." (italics added).

By the Act of 1836, supra, equity jurisdiction was conferred on our courts of common pleas only as respects a strict "bill of interpleader", for, just as in such a bill, the plaintiff, seeking equitable relief thereunder, must claim no right of property in the fund which the rival claimants are asking it to pay. No jurisdiction in equity has been conferred in this State on our courts of common pleas in cases which Mr. Justice STONE calls "a bill *in the nature* of interpleader", where the plaintiff in the bill himself claims an interest in the property or fund. In other words, in Pennsylvania the equity jurisdiction was not *extended* to cover bills "in the nature of interpleader", where the plaintiff in the bill was not a mere stakeholder, but disputed the amount of its liability or indebtedness.

Prior to the promulgation of the Rules of Civil Procedure, Governing Interpleader by Defendants (Rules 2301-2325, see specially, Rules 2303 (a) (3), and 2306 (c) (1) ) 335 Pa. XXXIV-LIII, done under authority of the Act of June 21, 1937, P. L. 1982, our courts had no power or authority in actions at law, whether proceeding under the Common Law of Pennsylvania[1] or the District Court Interpleader Act of March 11, 1836, P. L. 76, sec. 4, p. 77 (likewise extended generally to courts of common pleas throughout the Commonwealth by Act of February 14, 1857, P. L. 39), to require claimants to interplead where the defendant who asked for the interpleader did not disclaim all interest in the fund or there was any denial or controversy as to the petitioning defendant's liability. The Act of 1836, p. 77, made it a condition that he must "disclaim all interest in the subject matter of such action", and the decisions under our common law interpleader required a like disclaimer, and refused an interpleader where the

---

[1] See discussion in *Clarke & Cohen v. Real*, 105 Pa. Superior Ct. 102, 159 A. 454, and *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 7 A. 2d 573.

amount of petitioner's liability or indebtedness was in controversy or he disputed liability for the whole of the plaintiff's demand. See *Fidelity Trust Co. v. Wm. Penn Trust Co.*, 110 Pa. Superior Ct. 91, 167 A. 469, referred to by the court below, and especially the cases cited on pages 93 and 94.

Whether the extension by the Rules of Civil Procedure of the right to have an interpleader issue awarded at law to a defendant, who claims an interest in the money or property in controversy or who asserts that he is not liable in whole or in part to any or all of the claimants or the plaintiff[2], is merely a matter of *practice and procedure,* such as was authorized by the Act of June 21, 1937, supra, or is an abridgment, enlargement or modification of the substantive rights of litigants, which was withheld by said Act, is not before us for consideration and decision; but we are certain that the Rules have no purpose or intent to enlarge the *jurisdiction* of our courts of equity, since that is expressly forbidden by the statute granting the Supreme Court power to prescribe such rules; and the *jurisdiction* in interpleader of our courts of equity remains as before, to wit: "The determination of rights to property or money claimed by two or more persons, in the hands or possession of a person *claiming no right or property therein.*"

The learned President Judge of the court below correctly stated the law, when he said: "A court of equity [in Pennsylvania] has no power to ascertain an amount due and ask rival claimants thereupon to interplead for the amount due."

The decree is affirmed at the costs of the appellant.

---

[2] See Rule 2306 (c) (1).