Waples et al. *v.* Police Beneficiary Association
et al., Appellants.

Argued December 15, 1944. Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., ab-
sent).

*Joseph Ginsburg,* for appellants.

*Thomas Z. Minehart,* with him *Maurice A. Bank,* for appellee.

Opinion by Baldrige, J., March 2, 1945:

William Waples brought suit in assumpsit against the Police Beneficiary Association to recover death benefits of $2,000 due under certificate issued to Harry J. Marshall, who died March 6, 1942. The original beneficiary of the certificate issued to the deceased dated January 10, 1912, named Harry Marshall, Jr. as beneficiary. He died in 1938 and his widow on April 5 of that year was substituted as beneficiary. She remarried very shortly thereafter and on November 7, 1938, the deceased designated as beneficiary in her place "William Waples, bearing relationship to me of Friend." After the death of the insured Waples brought this suit to recover the fund in the hands of the association. Helen Boalton and Florence Ingram, two granddaughters of the insured, in the meantime gave notice that they claimed the fund. The association thereupon presented a petition to the court averring that it was a mere stakeholder, had no interest in the fund, and asked for authority to pay the money into the court and that the claimants be ordered to interplead. The prayer of the petitioner was granted and the granddaughters were directed to be made party plaintiffs, which was in accordance with No. 2304 of the Rules of Civil Procedure Governing Interpleaders by Defendants: Goodrich-Amram, §2304. When the defendant disclaimed any interest in the fund it in reality dropped out of the case. The claim then was against the fund: Rule 2309-1(a). The single issue was between the claimant and the plaintiff. We have had two occasions recently to set forth the proper procedure to follow in this type of case: *Hamilton v. Police Beneficiary Association,* 156 Pa. Superior Ct. 210, 40 A. 2d 152; *Garland v. Craven et al.,* 156 Pa. Superior Ct. 351, 41 A. 2d 140.

The claimants, the appellants herein, filed a statement of claim alleging their grandfather, the insured, was weakminded, a confirmed alcoholic and suffered from incurable cancer; that a close and confidential relationship existed between him and Waples and his designation was not a free voluntary act. An answer was filed by the original plaintiff denying all the material averments and the case came to trial. The factual issues were submitted to the jury and a verdict rendered in favor of William Waples, original plaintiff. Judgment entered thereon was followed by appeal.

Here, as in *Garland v. Craven et al.*, supra, the Rules of Civil Procedure were not strictly followed. We there stated that the rules, Nos. 2309 and 2310, provided that where there is a disclaimer filed by the defendant in the action "the contest thereafter is between the original plaintiff and the interpleaded claimants, the latter shall be the plaintiffs in the interpleader issue and the original plaintiff shall be the defendant." The burden was thus on the interpleaded claimants as plaintiffs in the action to establish their case as the original plaintiff became the defendant in the issue being tried.

The appellants complain that Waples failed to carry the burden, which they allege was upon him of establishing his right to the fund and of certain trial errors. He introduced into evidence the certificate naming him as beneficiary and the by-laws of the association. He apparently assumed the burden of proof, which in truth, as above stated, rested upon the added plaintiffs: Cf. *Hamilton v. Police Beneficiary Association,* supra, and *Garland v. Craven et al.,* supra. An objection was made to the introduction of the records of the association, but we think they were properly admitted. Article IX, section 4 of the by-laws provides that the insured has the right at all times to change the name of a beneficiary and substitute any person he sees fit to designate. The fact, therefore, that Waples was not a blood relative, as emphasized by the appellants, was unimportant

and did not affect the validity of the certificate: *Mulder-ick et al. v. Grand Lodge of Ancient Order of United Workmen,* 155 Pa. 505, 26 A. 663; *Longenberger et al., Admrs. v. Prudential Insurance Company of America,* 121 Pa. Superior Ct. 225, 183 A. 422; *Riley v. Wirth,* 313 Pa. 362, 169 A. 139.

After Waples offered the foregoing proof he rested. The appellants then, in an endeavor to establish the impaired mental and weak physical condition of their grandfather took the stand. Each acknowledged that she had only seen her grandfather on two or three occasions in the last nine years. The last time Mrs. Ingram saw him was in 1940. Their testimony gave practically no support to their averments. The mother of the claimants also testified. In direct examination she stated that she was constantly in touch with the deceased but on further examination she could remember seeing him only a few times, meeting him then by chance on the street, and was able to produce only three letters from him. Her attempt to show by vague and general statements that she had frequent contacts with the insured and that he for a considerable period before his death was a decrepid old man with a deteriorated mind, proved futile.

Neither the attending physician or other medical testimony was produced to support the appellants' contention. True, the deceased had a malignant disease, but there is practically no evidence to show that he was weakminded or that he was totally physically incapacitated until about the time of his death. The charge that Waples was able to, and did, exercise an improper influence over the deceased was unconvincing and that it failed to impress the jury is shown by the verdict.

City Detective Curran, called by Waples, testified that he had known the deceased for 35 years and that he frequently talked with him; that on numerous occasions Marshall made reference to his beneficiary certificate and said that "his family never bothered any more

with him. His son had died and they didn't treat him half right and he decided to change the beneficiary, and that he was going to turn it over to Waples who was his best friend and treated him and took care of him. And I know from my own knowledge that Mr. Waples did take care of him because he kept in contact with me." This witness further stated that in 1938, when Waples was named beneficiary, Marshall was alert in mind as well as active and strong in body, describing him as a fast walker.

The appellants complain of the court's sustaining an objection to an offer to introduce in evidence the records of the Philadelphia General Hospital, produced by Margie Smith, the assistant House Agent in charge of records. She was permitted to testify that Marshall was brought to the hospital and that he only lived one half hour thereafter; that the records show treatments were previously given him from March 20 to May 8, 1939, and from May 15, to May 24, 1940. An attempt was made to introduce the record to show the history of the case, the diagnosis and course of treatment and conclusions made up by the internes and checked by the Chief of Staff. The court very properly sustained objections to the admission of these records as no further proof was offered to substantiate the correctness of their contents: *Paxos v. Jarka Corporation*, 314 Pa. 148, 171 A. 468; *Evans v. Penn Mutual Life Insurance Company of Philadelphia*, 322 Pa. 547, 186 A. 133.

The appellants, through their counsel, endeavored to introduce other inadmissible evidence and inject several other legal positions, which were not germane to the issues involved. It is unnecessary to further discuss these alleged trial errors. We have examined the record and fail to find grounds for reversal. Judgment is affirmed.