Allegheny County *v.* Virgin (et al., Appellant).

Argued March 26, 1951. Before DREW, C. J., STERN, JONES, BELL, LADNER and CHIDSEY, JJ.

*Frank F. Troup,* with him *John R. O'Keefe,* for appellant.

*Frank Reich* and *J. Leonard Smith, Jr.,* with them *Elder W. Marshall, John W. Wishart* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE LADNER, May 21, 1951:

In form the appeal before us is from the order of the court below refusing a claimant's petition to intervene in an attachment proceeding. Intervention was asked by the appellant so that he might have adjudicated the validity of an alleged prior assignment of the funds and shares of stock attached. Yet our ruling on his right to intervene would not settle the real controversy between the parties nor anything of importance. This because of the confused state of the record which presents a multitude of petitions and rules, some disposed of, others pending, but all adding to the confusion.

The appellee, Hunter, is the use-plaintiff and assignee of a judgment against the defendant, Virgin. On July 20, he issued an attachment execution attaching the goods, chattels, rights and credits, etc. in the hands of one Christopher and the William Penn Memorial Cemetery Company, garnishees. On August 4, 1949, interrogatories were filed. On August 9, 1949, the *defendant* petitioned for a rule under Pa. R. C. P. 2304, to show cause why the plaintiff, the attaching creditor, and one John F. Gloeckner (here the appellant, claiming the attached property by virtue of a prior assignment) should not interplead. This rule was granted on that same day *with a stay of all proceedings.* On August 12th, service of the notice of the rule

to interplead was accepted by the attorney for Hunter, the attaching creditor, and by the attorneys for the garnishees and answers contesting the right to an interpleader were filed by both on August 31, 1949.

It is stated in the opinion of the learned court below, filed in support of the order refusing intervention, that the rule for an interpleader was discharged by an order entered in November of 1949. However, we find no such order in the original record certified to this Court. Nor do we find any notation of the same in the copy of the docket entries annexed to the original record. There may be some omission, inadvertence or error in this regard but the record certified to this court shows the stay of proceedings granted on the rule to interplead is still in effect.

On December 12, 1949, the garnishees filed answers to the interrogatories. Pursuant to admissions in the answers judgment was entered on December 21, 1949, in favor of the execution creditor, Hunter, against the garnishee Christopher, individually and as trustee and executor of the estate of Charles W. Christopher in the sum of $9,473.65, and for certain other credits admitted to be in his hands insofar as necessary to satisfy the debt, interest and costs. We may here interpolate that if the rule to interplead with its stay of proceedings has in fact never been discharged the judgment thus entered is obviously irregular.

The next day, December 22, 1949, a rule, also with a stay of proceedings, was granted sur petition of the claimant Gloeckner on the execution creditor to show cause why Gloeckner should not be permitted to intervene in the proceedings. Before this rule was disposed of, viz., December 30, 1949, two more rules were granted on petitions of the claimant, one to strike off and one to open the judgment entered against the garnishees. The claimant in his petitions averred also that he had instituted equity proceedings to have his

rights adjudicated, the record of which he sought to incorporate by reference. On this same day rules to strike off and to open the same judgment were also granted on petitions of Virgin the defendant in the original judgment.

On July 21, 1950, an order was entered dismissing the rule to intervene, from which order we have this appeal. Still pending and undetermined are the four rules to strike off and open the judgment and the equity proceedings.

This conglomeration and duplication of petitions and the multiplication of proceedings serve no purpose other than to obscure the relief sought. The basic and only real issue for decision is whether the attachment creditor of the defendant or the assignee of the defendant claiming by prior assignment is entitled to certain property in the possession or custody of the garnishees. To decide the question presented by this appeal would not advance the settlement of the real issue and serve only to prolong the litigation.

If the garnishees have no real interest in the controversy and are merely stakeholders, they could have removed themselves from the controversy by filing a petition for interpleader, leaving the question of the validity and priority of the assignment to be determined in a contest between the real parties concerned. For some unaccountable reason this they failed to do, ignoring Gloeckner's claim they made admissions in their answer which resulted in the entry of judgment against them,—a judgment that might subject them to double liability.

Counsel for the appellant at the argument pleaded that all he asks is a chance to prove his claim. Of course he is entitled to his day in court, though we must say it was sought in a most circuitous fashion. In the circumstances we feel the best way out of the dilemma is to cut the Gordian knot tied by the multipli-

city of petitions and errors of the respective counsel. So we will direct the court below to order an interpleader in which the only real issue in controversy can be simply and expeditiously settled.

The appellate and the common pleas courts of Pennsylvania all possess the inherent power to direct an interpleader *sua sponte* even after rendition of a final judgment when the interests of justice so require: Pa. R.C.P. 2302. A comparatively recent precedent in which that principle was applied under similar circumstances is *Slaymaker v. Snyder County State Bank*, 308 Pa. 271, 162 A. 217 (1932).

We therefore enter the following order: The judgment against the garnishee is opened, the record is remanded to the court below with instructions to enter an order directing the claimant, John F. Gloeckner, and the execution creditor, Hunter, and anyone else claiming an interest in the attached property, to interplead, with directions to the claimant to file his statement of claim in interpleader pursuant to Pa. R. C.P. 2309 within 20 days of the entry of the order.

The record is remanded to the court below to proceed as directed, all costs, including those of this appeal, to abide the event.