## Slavin, Appellant, *v.* Slavin.

Argued October 3, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

S. *Allen Vatz*, with him *Andrew L. Weil* and *Weil, Vatz & Weil*, for appellant.

*Louis Vaira*, with him *Albert G. Brown*, for appellee.

Opinion by Mr. Justice Ladner, November 13, 1951:

This is an appeal from the order of the court below refusing a new trial of an interpleader action which concerned the ownership of a sum of money deposited in court by the District Attorney of Allegheny County.

From a stipulation of counsel read into the record it appears; that the District Attorney was originally defendant in an action brought by Andrew P. Slavin (here appellee) to recover from said district attorney a sum of money which appellee claimed to be his property; that Edward K. Slavin (here appellant) likewise claimed said money. Whereupon the court granted an interpleader and brought Edward on the record as interpleaded claimant and ordered the District Attorney to pay into court the sum of $13,028.00.

The record further shows that the court in obedience to Pa. R. C. P. 2304, in its decree ordered the appellant, Edward K. Slavin, to be "added to the record as *party plaintiff,*" and enjoined him from commencing any action against the District Attorney. Later, after payment into court an order was entered discharging the defendant District Attorney of all liability in the premises and for any costs accruing. The appellant, Edward K. Slavin, then filed an interpleaded complaint as *party plaintiff,* all in strict accordance with Pa. R. C. P. 2309. In that complaint it was averred in substance that the appellee (Andrew, his father) while under the influence of intoxicating liquor had feloniously taken and carried away from the appellant's bedroom the money in question and said money had been recovered by the detectives who apprehended the appellee and delivered said money to the District Attorney. Appellant claimed said money as his sole property.

The jury found a verdict for the defendant, Andrew, and upon refusal of the court to award a new trial,

Edward K. Slavin takes this appeal and charges the following errors: (1) the trial judge erred in making Andrew P. Slavin, (the original plaintiff), a defendant, thereby prejudicing the appellant by making him carry the burden of proof and so charging the jury; (2) that the trial judge erred in refusing appellant's motion to withdraw a juror because of Andrew's testimony to the effect that he had been acquitted in the criminal trial; (3) that the court below abused its discretion in failing to award a new trial because the verdict was against the weight of the evidence.

We are persuaded that the learned trial judge did commit error in designating the impleaded claimant (Edward) as plaintiff and the original plaintiff (Andrew) as defendant, under the present Pa. Rules of Civil Procedure 2301-2325 relating to interpleader.

In order to better understand the new rules a brief historical review of the former practice in interpleader actions is necessary. Before the adoption of these rules interpleader procedure was governed at law by the Act of March 11, 1836, P. L. 76, 12 P.S. 581.[1] The practice that developed under that act was for the court

---

[1] This statute conferred jurisdiction on the District Court of Philadelphia County the powers of which court were by the constitution of 1874, Article V, section 6, vested in the Common Pleas court. Goodrich-Amram, in commenting on Pa. R. C. P. 2301-8, notes similar jurisdiction was conferred on the courts of Berks and Schuylkill Counties by Act of March 27, 1848, P. L. 265, and on Allegheny County Court by Act of April 2, 1913, P. L. 21, sec. 2, 17 P.S. 627. These acts were never extended by the legislature to the rest of the state, although many courts have assumed that the Act of 1836 applied throughout the state (citing cases). Also various forms of interpleader were authorized in actions at law by rules of seven other counties, namely, Crawford, Cumberland, Lancaster, Mercer, Somerset, Venango and Westmoreland. Interpleader also had common law recognition even apart from statutory provisions: *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 7 A. 2d 573 (1939).

in its decree granting the interpleader to designate which of the party claimants was to be plaintiff and which defendant in a feigned issue by which the controversy was tried. *Hoffman to use v. McBride,* 2 Miles 24 (1836). In *Gelber v. Western National Bank,* 53 Pa. Superior Ct. 155 (1913), it was held to be the duty of the court in granting the interpleader to frame such a feigned issue.

There existed also certain acts passed to protect the sheriff by authorizing him to apply for interpleader where goods levied on were claimed by parties other than defendant in execution. These acts extending as far back as 1848 were collected and commented upon by Mr. Justice SIMPSON in *VanSciver Co. v. N. Irving Hotel Inc.,* 298 Pa. 463, at p. 468-9, 148 A. 513 (1930). It should be noted that the Act of May 26, 1897, P. L. 95, codified the procedure under the earlier acts and provided expressly in Section 10 that in the issue framed thereunder the *claimant* shall be plaintiff and all other parties defendants. The Act of 1897, was later repealed and supplied by the Act of June 22, 1931, P. L. 883, 12 P. S. 2358-2377. Section 10 of that act (12 P.S. 2367) includes the same provision as that of the Act of 1897 as to who shall be plaintiff and who shall be defendant.

In addition to the foregoing acts governing interpleaders at law there was also the jurisdiction conferred on the equity side, first granted in this Commonwealth by Act of June 16, 1836, P. L. 784, Sec. 13 (IV), 17 P.S. 282, to the common pleas courts of Philadelphia County, but subsequently extended to all the courts of the Commonwealth by the Act of February 4, 1857, P. L. 39, sec. 1, 17 P.S. 283. Though even before this act and the acts above cited that expressly conferred interpleader jurisdiction at law, there were earlier cases which permitted interpleaders under the practice of administering equitable principles under

common law forms: see cases collected and referred to by President Judge KELLER in *Fisher v. Stevens Coal Co.,* 136 Pa. Superior Ct. 394, 398, 7 A. 2d 573 (1939). However that may be the equity jurisdiction existed side by side with the jurisdiction at law conferred by the acts cited. While the acts governing interpleader procedure at law have all been suspended by the Pa. Rules of Civil Procedure, the acts conferring equity jurisdiction have not been so far suspended. That jurisdiction still exists and is available in proper cases: *Prudential Insurance Co. v. Grabowski et al.,* 144 Pa. Superior Ct. 243, 19 A. 2d 572 (1941).

For the sake of completeness it should be mentioned that it has been held also that both Common Pleas and appellate courts in this Commonwealth possess the inherent power to direct an interpleader *sua sponte* when the interest of justice requires it: *Allegheny County v. Virgin,* 367 Pa. 389, 393, 80 A. 2d 807 (1951).

To sum up the condition of the law as it existed prior to the Rules of Civil Procedure, interpleaders at law were tried on a feigned issue framed by the court granting the interpleader. In sheriff's interpleader, the acts required the claimant to be made the plaintiff and all other parties defendants in that issue. In other interpleaders the responsibility of determining who should be plaintiff and who should be defendant rested upon the court that *framed the issue* and not the trial judge. So far as equity interpleaders are concerned no issue was strictly necessary. The bill for interpleader was considered as putting the defendants to contest their respective claims and if the question between them was ripe for decision at the hearing the chancellor might proceed to decide it; if not he might direct an action or an issue as might best be suited to the nature of the case: *Bispham's Principles of Equity* (eleventh ed.) p. 342; and see Equity Rule 61.

Who in a given case should be plaintiff and who the defendant depended generally upon either the agreement of the parties or upon whom the burden of proof lay. Aside from sheriff interpleaders, contests most usually arose over proceeds of insurance, or concerning the ownership of property or money. In the first class where the contest arose between the beneficiary named in the policy and someone claiming adversely, the one claiming against the beneficiary would normally have the burden of proof and be made plaintiff and the beneficiary, defendant. This because the latter was entitled to rest in the first instance on the prima facie right established by his designation in the policy. However, where the contest was between parties claiming a fund deposited in court or property in possession of a third person, as a general rule each had the burden of proving his own claim thereto. The importance of determining the respective positions of the contestants was often lost sight of by counsel when the issue was being framed, and at times confused with the sheriff's interpleader practice or failure to distinguish between the different classes of cases.

From this situation the confusion probably arose that worried the text writers concerning the burden of proof after the grant of the interpleader. In *Anderson's Pa. Civil Practice,* vol. IV, p. 477, it is said that the former practice was deemed unsatisfactory in that it gave the original plaintiff an unfair advantage by freeing him from the necessity of carrying the burden of proof. And in *Goodrich-Amram, Civil Practice,* section 2315-1, p. 94, it is said, "In some instances the original plaintiff became the plaintiff on the interpleader issue and the claimant became the defendant; in other instances the claimant became the plaintiff on the issue. This party alignment was of great importance under the prior practice for the party plaintiff on the issue had the burden of proof and his rival could recover

without proving his case if the plaintiff on the issue could not prove his. This gave the defendant on the interpleader issue an unfair advantage and was an incentive to litigants to seek to out-maneuver each other to gain this tactical advantage."

This then was the situation which the Pa. Rules of Civil Procedure sought to eliminate. Each claimant is made an alternative plaintiff who must prove his claim regardless of the default of his rival. It is therefore of no importance whether one or the other of the claimants is first to present the proof of his claim. The comment in Goodrich-Amram to Section 2304 is to the effect that the order on the claimant to join as a party plaintiff does not mean that the original plaintiff and the claimant become joint plaintiffs. Their status is really *plaintiffs in the alternative* and as such governed by the procedure in Rule 2231. In other words, it would seem clear that the intention of the new rules is that the trial of an interpleader should be so conducted as if independent actions by each claimant had been consolidated in one trial much as the separate rights of action of a minor and parent are redressed in one trial.

When so viewed it will be seen each claimant must carry his own burden and establish his own title and may not rely on the weakness of the other claimant, all of which is in accord with the law elsewhere: see 48 C. J. S. section 41, page 92, where it is said, "Each claimant has the burden of proving his own claim by a preponderance of the evidence, and cannot recover on the weakness of an adverse claim. Both claimants are in the position of a plaintiff in possessory actions, and must recover on the strength of their own title rather than on the weakness of that of the adversary; and each claimant has the burden of establishing his own claim by a preponderance of the evidence, but one interposing an affirmative defense to a claim has the burden

of proving such matter." And see 30 Am. Jur. Sec. 25, p. 232, ". . . recovery rests upon the strength of the claim of one, rather than upon the weakness of the other."

The learned trial judge relied on *Hamilton v. Police Beneficiary Association,* 156 Pa. Superior Ct. 210, 212, 40 A. 2d 152 (1944) and *Garland v. Craven,* 156 Pa. Superior Ct. 351, 41 A. 2d 140 (1944). See also, *Waples v. Police Beneficiary Association,* 156 Pa. Superior Ct. 592, 41 A. 2d 342 (1944) and *Sigora v. Metropolitan Life Insurance Co.,* 158 Pa. Superior Ct. 498, 45 A. 2d 254 (1946), but these cases all involved a contest between a beneficiary designated in a life insurance policy and insured's next of kin. In that class of cases a beneficiary named in the policy stands in the position of being prima facie entitled so that in the absence of all other evidence he is entitled to recover on the designation as beneficiary alone. Consequently, the burden would be on all other claimants to overcome such evidence. Therefore in the Superior Court cases the impanelling of the beneficiary as defendant did no harm. However, that situation does not as we have shown always prevail in all interpleader cases and lest harm be done by an apparent acquiescence in the interpretation of the Rules by the cases cited, we now hold that the practice there followed is no longer proper under the present Pennsylvania Rules of Civil Procedure so far as they relate to interpleader. We recognize of course the difficulty with which the Superior Court labored and sought to solve in cases where the original defendant had disclaimed any interest in the fund paid into court and had then been discharged of all liability, for as said in the *Waples* case, supra, p. 593. "The claim is then against the fund." In such case to continue the interpleader action with both claimants as party plaintiffs against a defendant who had been discharged seems anomalous. We are frank to say that the existing

interpleader rules of practice fail to provide for the trial difficulties that may arise in a case where there are two plaintiffs and no defendant. We feel impelled therefore to indicate the proper practice to be that at the trial of such cases the jury should be sworn with the party plaintiffs designated as plaintiffs on the one side, against the fund or the property which stands in the place of the original defendant. In this case, therefore, the jury should properly be sworn as to Andrew P. Slavin and Edward K. Slavin party plaintiffs against $12,992.93.[2]

Notwithstanding the noncompliance of the court below with the Rules of Civil Procedure as we have interpreted them, we would not feel obliged to reverse the verdict in this case if the jury had been properly instructed as to the burden of proof: *Potter T. & T. Co. v. Carlson,* 160 Pa. Superior Ct. 38, 50 A. 2d 28 (1946). Unfortunately, however, the learned trial judge did not do this but instead, instructed the jury as follows: "There are certain matters of law that govern such a situation and condition as this, and that is, the plaintiff must convince you by the fair weight or preponderance of the evidence that he and his evidence as proven to you by that fair weight or preponderance of the evidence if he is to succeed, and for him to succeed he must prove by the fair weight of the evidence that his contention is the true contention. The defendant does not have that burden in this case. That burden is on the plaintiff by the fair weight or preponderance of the evidence, that is the tipping of the scales in his favor."

These instructions were likely to make the jury believe that unless Edward K. could prove his ownership,

---

[2] This was the amount paid into court, $13,028.00, less poundage of $35.07, which makes the net sum in controversy $12,992.93. Of course, where the original defendant claims some interest in the fund and is not discharged the jury may be sworn on the issues between the party plaintiffs and the original defendant.

Andrew P. was entitled to the verdict, whereas, in point of fact, as we have seen, Andrew had the burden of proving his claim of ownership independently of Edward's testimony. The error we indicate was apparently emphasized by the learned trial judge in the latter portion of his charge, saying, "If you find that this money belonged to Mrs. Slavin and Mr. Slavin, then your verdict should be for Andrew P. Slavin. The contention here is between Edward and Andrew. Edward says it is his. Andrew says it was money that belonged to Andrew and to his former wife Agnes." This also tended to indicate to the jury that Andrew need not rely upon his own claim of title which according to his complaint was one of sole ownership. These instructions, relieving as they did, Andrew of the burden of proof were reversible error and the case must be remanded for a new trial.

In the view we have taken of the first contention of the learned counsel for the appellant there is no necessity to pass on the second, namely, whether there was error in refusing to withdraw a juror because of Andrew's testimony of the outcome of the criminal proceeding. The learned trial judge recognized the impropriety of this testimony but felt that he could, and probably did, by explicit instructions to the jury render the error harmless. When this case is tried again it should be the duty of Andrew's counsel to warn him against a repetition of such testimony and if he fails to obey, the trial judge will then, of course, direct the withdrawal of a juror and impose the costs upon the offending party.

The third contention whether or not the verdict was against the weight of the evidence need not be considered in view of the reversal on the first ground.

The judgment in favor of Andrew P. Slavin is reversed and a venire facias de novo awarded.