## States v. Commonwealth Mutual Fire Insurance Co.

*Robert C. Duffy*, for intervening plaintiffs.

*William J. Taylor*, for defendant.

KELLEY, J., August 4, 1961.—This matter arises by way of defendant Atlantic Refining Company's petition for interpleader and the intervening plaintiffs' counter-motion to discharge a rule to show cause why the petition should not be granted. The somewhat complex and unique situation presented thereby merits explanation.

The original plaintiffs instituted a complaint in trespass against petitioning defendant on June 30,

1950, a cause of action having arisen by virtue of a fire occurring on September 8, 1949. On April 1, 1955, the trial court found in plaintiffs' favor in the total amount of $15,398.33. Exceptions to the findings were then filed by petitioning defendant. Extensions of time for the filing of exceptions by original plaintiffs were granted and the exceptions were ultimately filed.

On September 13, 1960, intervening plaintiffs, insurance companies who were subrogated to original plaintiffs for their loss, sought a rule to show cause why the judgment should not be entered in the names of, and for the sole use of, said intervening plaintiffs. On December 8, 1960, that rule was made absolute.

On March 22, 1961, the exceptions of original plaintiffs and petitioning defendant were withdrawn and, on April 4, 1961, judgment was entered on the findings.

Some time prior to June 1, 1961 (we are not informed when), parties other than the original or intervening plaintiffs had made demands upon petitioning defendant with regard to the original claim. These parties and demands included the attorneys for original plaintiffs: an attorney's lien in the amount of $5,032.76; the Industrial Trust Company: the alleged assignee of original plaintiff, William States, Jr., of his claim in the amount of $7,977.04; Sol and Rose Feinstone, who have served petitioning defendant with an attachment execution in the amount of $7,106.53; the Federal Government, District Director of Internal Revenue: notice of levy in amount of $39,579.48; and the Bank of Old York Road, which has served an attachment execution upon petitioning defendant in the amount of $1,999.42.

Further, an injunction issued in the Circuit Court of Marion County, W. Va., restraining petitioning defendant from paying over any sums of money due to

original plaintiff, William H. States, Jr. However, this injunction was dissolved on May 25, 1961.

On June 1, 1961, the instant petition and rule for interpleader was filed. Rather than answer, intervening plaintiffs moved directly to discharge the rule. The proper disposition of the petition and motion is the issue before the court.

The court is aware that generally defendants may move to interplead conflicting claimants only during the pending of an action: Pa. R. C. P. 2302. However, the common pleas courts of this jurisdiction possess the inherent power to direct an interpleader sua sponte, even after rendition of a final judgment, when the interests of justice require: Allegheny County v. Virgin, 367 Pa. 389 (1951).

It is the opinion of the court that justice would best be served by the grant of the petition in the case at bar. While it is undoubted that as between original plaintiffs and intervening plaintiffs, as of December 8, 1960, the latter have full right to the judgment, nevertheless there are the rights, or possible rights, of the other creditors and/or assignees to be considered.

The purpose of an interpleader is to protect the acquiescent defendant from possible double liability. For example, in Slaymaker v. Snyder County State Bank, 308 Pa. 271 (1932), an interpleader was ordered on behalf of defendant, *after judgment*, when it appeared that defendant might be subject to liability other than that evidenced by the judgment. Particularly apropos, the court there noted that defendant should have interpleaded when the action was first instituted. This precedent relieves petitioning defendant at bar from any onus which might attach if the facts, once developed, show that its petition might have been filed before judgment was entered on the findings.

In Van Billiard v. Croft & Allen Co., 302 Pa. 349 (1931), where it appeared that someone other than plaintiff *might* have an interest in regard to a judgment entered against defendant, the Supreme Court allowed defendant to pay the amount of the judgment into court in full satisfaction and discharge of its liability to plaintiff and others.

In the light of the foregoing, we feel that the interests of justice will best be served by granting the interpleader, making the rule absolute and dismissing intervening plaintiff's petition to discharge the rule.

Accordingly, the order submitted by petitioning defendant, which in form corresponds with that suggested by Pa. R. C. P. 2304, is herewith made the order of the court, with the notation that if the claims are not prosecuted diligently under Pa. R. C. P. 2309-(a), leave is granted intervening plaintiffs to petition this court to strike off the order.