## Thompson v. Eight Thousand Dollars

*John R. Graham,* for plaintiffs.

*Joseph I. Diamond,* for defendant.

REED, J., March 2, 1971—Plaintiffs, H. A. Thomp-

son and M. M. Thompson, his wife, filed a complaint on January 5, 1970, against C. N. Agnew, defendant. Subsequently, defendant Agnew was removed from the suit by the interpleading of Thomas A. Cappelli and Mary L. Holmes and the substitution of an escrow fund of $8,000 as defendant. Thereby, Thompson (herein original plaintiffs) and Cappelli and Holmes (herein interpleaded plaintiffs) became plaintiffs-claimants inter se to the $8,000. Thereafter, on March 18, 1970, the interpleaded plaintiffs, Cappelli and Holmes, filed a complaint, in part setting forth their entitlement to the sum as against original defendant, Agnew, and in other part by way of "additional matter" asserting their entitlement as against the original plaintiffs, Thompsons.

On April 2, 1970, the original plaintiffs filed an answer to interpleaded plaintiffs' complaint and further alleging other "additional matter" of their own, and "affirmative defense."

At this juncture, the interpleaded plaintiffs filed preliminary objections to original plaintiffs' answer directed to original plaintiffs' allegations of "additional matter" and "affirmative defense." The interpleaded plaintiffs assert the Pennsylvania Rules of Civil Procedure respecting interpleader (Rules 2301 et seq.) prohibit pleading such additional matter by the original plaintiffs.

The matter is before us, en banc, for disposition of these preliminary objections.

The undisputed facts, in order to provide a frame of reference, set forth that original plaintiffs (Thompsons) agreed to sell certain real estate to interpleaded plaintiffs (Cappelli and Holmes), who deposited $8,000 in escrow with C. N. Agnew, a licensed real estate broker. Settlement was never held, and both plaintiffs now claim the escrow. Both plaintiffs allege that the other

breached the sales agreement. Original plaintiffs claim the fund as liquidated damages; interpleaded plaintiffs claim the fund back for original plaintiffs' failure to fulfill conditions of the agreement.

Our attention by reason of interpleaded plaintiffs' preliminary objections is directed to interpretation of the procedural rules. Interpleaded plaintiffs contend the rules of procedure, supra, restrict the original plaintiffs to an answer only to interpleaded plaintiffs' complaint and "additional matter" or "affirmative defenses" he may have. Upon filing by original plaintiffs of their thus restricted answer, say the interpleaded plaintiffs, the matter is at "issue"; both plaintiffs are plaintiffs in the alternative against the fund, and not adversaries in the sense of plaintiffs against defendant, and vice versa.

Pennsylvania Rule of Civil Procedure 2309(c) sets forth:

". . . the interpleaded claimant may include in his statement [complaint] . . . 'Additional Matter' . . . relevant to the claim of any other claimant or party." And rule 2310(b), "If a claimant has included 'Additional Matter' . . . the plaintiff or any other interpleaded party shall . . . file an answer to such 'Additional Matter' . . . "

These rules appear to support interpleaded plaintiffs' position. However, in 3 Goodrich-Amram Procedural Rules Service, section 2309(d)-3 (p. 75 of Issue 11-'41) the commentary takes the position that efficient administration should permit a plaintiff to attack another claimant's statement; noting that no rule permits this, yet *no rule prohibits it.* Further, that the import of Rule 2310 is to regulate the pleadings, which the parties must file to the merits, but do not prohibit the court from allowing other additional pleadings.

The notations of the Procedural Rules Committee on

Rule 2312, which provides that the manner of raising questions of jurisdiction or of form or sufficiency of any pleadings is the same as in actions of assumpsit, states at 3 Goodrich-Amram Proc. Rules, sec. 2312 (1962) (p. 85 of issue 11-'41): "The [original] plaintiff . . . is not required to file another statement of his claim, . . . In the few instances in which the addition of the adverse claimant . . . might require a change in the original plaintiff's pleading . . . the court should permit an amendment by the [original] plaintiff . . ."

It therefore seems clear to us that the addition of interpleaded plaintiffs may very well be cause for and necessitate the original plaintiffs to plead other facts vis-a-vis the second claimants, which they would not or might not plead against the original defendant (the holder of the fund here); and to prohibit this is to preclude plaintiffs from putting forth all of their claim to the fund in question, and thereby as between the claimants avoid the issue or issues of their respective claims, as between them.

The interpleaded plaintiffs rely upon Slavin v. Slavin, 368 Pa. 559, 84 A. 2d. 213 (1951), in support of their position. We do not agree; quite the contrary, this case supports the conclusion we reach.

The Slavin case reviews the history of interpleader actions, noting that prior to the present rules of civil procedure the parties would preliminarily agree upon who would be plaintiff and who defendant, and framed a feigned issue. Now the claimants are both plaintiffs, *not jointly*, but in the alternative, and neither can recover upon the weakness or failure of the other. Recovery goes to the stronger claim. Both carry an equal burden, as plaintiffs to prove the respective claims, and defeat, if possible, the adverse claimants. At trial a jury must be instructed that both are

plaintiffs. The case does not directly rule upon pleading procedure.

However, if both claimants are plaintiffs and must prove independently their entitlement and superior right to the fund, why should one party be placed at a disadvantage by being foreclosed from advancing all his allegations or reliances of claim?

The interpleaded plaintiffs seek to do precisely what Slavin states is not the law. They seek to gain an advantage by foreclosing the original plaintiffs, and winning perhaps on that weakness.

We note in Slavin that the court quoted from 30 American Juris., sec. 25, p. 232, ". . . one interposing an affirmative defense to a claim has the burden of proving such matter." The pleadings are nowhere stated to be closed, and the contrary appears to be the rule.

The burden of proving one's claim never shifts, and it carries through to require that one must prove all his affirmative defenses and additional matters. However, at the pleading stage, and in order to pose the issue(s), the rules and justice would require that while the plaintiffs are always plaintiffs in the alternative, they are also at this stage defendants in the alternative as the pleadings may require, and regulated by the rules of assumpsit as respects pleadings where the interpleader rules do not prohibit or are silent. It is impossible to accept the position that both are plaintiffs-claimants against the fund, without also acknowledging that between them they are assuredly and clearly adversaries contesting respective rights to the fund.

## ORDER

And now, March 2, 1971, the interpleaded plaintiffs, Thomas A. Cappelli's and Mary L. Holmes' preliminary objections are dismissed.

Wright and Jerome, JJ., did not participate.